178 So.2d 204 (1965)
J.D. SAPP, Appellant,
v.
D.R. REDDING, Appellee.
No. F-347.
District Court of Appeal of Florida. First District.
September 9, 1965.
T.J. Jennings, Jr., and James T. Norton, Green Cove Springs, for appellant.
Yawn & Shaw, Starke, for appellee.
CARROLL, DONALD K., Judge.
The plaintiff in an action seeking damages for trespass and conversion of timber has appealed from two orders entered by the Circuit Court for Bradford County granting the defendant's motion for involuntary dismissal and taxing certain costs against the plaintiff.
The principal question presented for our determination in this appeal is whether, under our rules of procedure, a trial court may, during a trial, grant the defendant's motion for the involuntary dismissal of the *205 plaintiff's cause before the plaintiff has completed the presentation of his evidence.
In the case at bar the plaintiff alleges in his complaint that he is the owner of certain land in Bradford County and that in 1962 and 1963 the defendant entered upon his land and wrongfully cut and removed timber therefrom, resulting in the devaluation of the said land in excess of $600. To this complaint the defendant filed his answer, denying the alleged trespass and conversion, denying the plaintiff's ownership of the said land, and also alleging that for more than 30 years a substantial fence has existed that had been generally recognized and accepted by their predecessors in title as the true common boundary line between the plaintiff's and the defendant's lands, and that he, the defendant, and his predecessors in title had been in open and notorious possession of the premises west of the said fence (where the trespass allegedly occurred) and had acquired title thereto by adverse possession.
This cause duly came on for trial without a jury. The plaintiff called the defendant as his first witness and, after the defendant testified, the plaintiff took the stand himself to testify in his own behalf. On cross-examination the plaintiff admitted the truth of certain facts consistent with the defendant's above defense of adverse possession. For instance, in his last answer he admitted that he had not been in actual possession of the land in question (lying to the west of the said fence) at any time within seven years next prior to the filing of his action.
Following this last admission in the cross-examination of the plaintiff, the defendant's counsel moved the court for an involuntary dismissal of the case on the ground that it affirmatively appeared from the plaintiff's own testimony that he had not been in actual possession of the land in question for the said seven-year period, but that the defendant had been in such possession since the fence had been constructed more than 30 years before; and on the ground that the evidence presented by the plaintiff showed that the defendant had protected the land in question with a substantial enclosure and that the defendant claims the said land under color of title, relying upon a certain deed as a conveyance to him of all lands lying to the west of the said fence.
Following the making of the said motion for an involuntary dismissal, the trial court declared a recess, after which the court announced that the trial would be adjourned to a future date and that counsel would have 20 days in which to file briefs.
The trial, however, was not resumed, for, 21 days later, after the plaintiff had filed his brief, the trial court entered the first order appealed from herein, granting the defendant's said motion for an involuntary dismissal, dismissing the cause with prejudice, and ordering that costs be taxed against the plaintiff. A few weeks later the court entered the second order appealed from, taxing against the plaintiff certain costs and expenses incurred by the defendant, in the total amount of $161.83.
The only authorization in our procedural rules for the making and granting of a motion during trial for the involuntary dismissal of a plaintiff's cause, is found in sub-division (b) of Rule 1.35 of the Florida Rules of Civil Procedure, 30 F.S.A., providing as follows:
"Involuntary Dismissal. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then *206 determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

"With Prejudice. Unless the court in its order for dismissal otherwise specifies, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits."
No judicial interpretation is required to demonstrate that the condition precedent to a defendant's making, and the trial court's granting, of a motion for involuntary dismissal of the plaintiff's cause is stated in the opening clause of the second paragraph quoted above, reading "After the plaintiff has completed the presentation of his evidence * * *."
Despite this obvious intendment of the quoted provisions of the rule, the defendant-appellee attempts to justify the granting of the involuntary dismissal by invoking Rule A of the Florida Rules of Civil Procedure, providing in part that "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." The defendant then argues that the trial court's dismissal ruling resulted in a speedy and inexpensive determination of the plaintiff's action, and we agree, but says little about the justice of the said ruling under the circumstances, and it is the justice of such ruling that particularly concerns us  the adjudication on the merits against the plaintiff before he has completed the presentation of his evidence.
In any event, the above-quoted provision of Rule A cannot aid the defendant's position in this appeal, not only because the considerations of justice do not favor his position, but also because the critical words in subdivision (b) of Rule 1.35 ("After the plaintiff has completed the presentation of his evidence * * *") are clear and unambiguous and need no construction, and because, even if a construction were needed, it would have to be a strict construction, under the holding of the Supreme Court of Florida in Crump v. Gold House Restaurant, Inc., 96 So.2d 215, 65 A.L.R.2d 637 (1957), that Rule 1.35, which provides for both voluntary and involuntary dismissals, "must be strictly construed, as it is in derogation of a previously existing right."
Even if the above critical words had not been included in subdivision (b) of Rule 1.35, we would be inclined to hold that the involuntary dismissal of a plaintiff's cause at a trial for insufficiency of evidence before he had completed the presentation of his evidence would constitute reversible error as contrary to the due process of law and to fundamental principles of the administration of justice. Every party litigant is entitled to his "day in court," and this includes the right of a plaintiff to present admissible evidence in an attempt to prove the cause of action he has alleged, even though the testimony of his first witnesses may indicate that he has a weak case or none at all.
If a defendant believes that the plaintiff lacks the evidence necessary to prove his case, our rules provide an adequate pre-trial vehicle with which to test the sufficiency of the plaintiff's evidence by filing a motion for a summary judgment or decree pursuant to the provisions of Rule 1.36, Florida Rules of Civil Procedure. That proceeding would be fair to all parties, including the plaintiff, who under the said rule is given an ample opportunity to file affidavits and depositions opposing the said motion, or perhaps apply for a continuance if he needs more time for this purpose. The same rule also permits the plaintiff to file a motion for a summary judgment or decree in his favor. In the case at bar, however, there is no showing in the record that either party elected to pursue the summary remedy provided by the said Rule 1.36. If either party had successfully pursued that remedy, the need for the trial would have been entirely obviated.
*207 The procedure that is most nearly akin to involuntary dismissal under sub-division (b) of Rule 1.35 is the motion for a directed verdict in jury trials. The rule is too fundamental to require a citation of supporting authorities that a defendant in such a trial cannot properly make a motion for a directed verdict before the plaintiff has completed the presentation of his evidence. Certainly the trial court is in no position to pass upon such a motion until after the plaintiff has so completed his presentation. Rule 2.7, Florida Rules of Civil Procedure, 31 F.S.A., relating to the motion for a directed verdict, refers to the motion of the party "who moves for a directed verdict at the close of the evidence offered by the adverse party * * *."
There is some logic in the defendant's argument that the plaintiff's evidence at the trial  the testimony of the plaintiff and the defendant  substantially supported the defense that the defendant had acquired the land in question through adverse possession and that, if the plaintiff had been permitted to continue the presentation of his evidence, it would have been extemely difficult or well-nigh impossible for the plaintiff to overcome the effect of the testimony of his first two witnesses and successfully prove his cause of action. Probably so, but no one possesses the omniscience required to say this as a matter of fact or law, and so we think that the plaintiff in such a case should be given the benefit of the doubt and a full opportunity to have his day in court and try to prove his case.
In the record before us there is no indication that the plaintiff had completed the presentation of his evidence at the time the defendant made his motion for the involuntary dismissal of the plaintiff's cause or at the times the trial court adjourned the trial and granted the said motion. All the indications therein are to the contrary. As stated earlier in this opinion, the defendant's attorney, immediately after completing his cross-examination of the plaintiff, made the said motion for involuntary dismissal, whereupon the court recessed for a conference with the attorneys, and later adjourned the trial. At no time had the plaintiff's counsel announced that the plaintiff rested his case, that he had no further testimony or other evidence to present, or even that the said counsel did not desire to conduct a redirect examination of his client, whose harmful cross-examination had just ended.
We hold, therefore, that the defendant's motion for the involuntary dismissal of the plaintiff's cause was untimely made and granted. In view of this holding, we should not and do not pass upon the question whether, if the said motion had been timely made and granted, the order of dismissal would have been correct under the applicable law, based upon the plaintiff's evidence that was presented before the said motion was made.
Since we here hold that the first order appealed from herein  the order of dismissal  was improvidently entered, the second order appealed from  the order taxing costs against the plaintiff  must also fall, because it is based upon the first order, which erroneously adjudicated the plaintiff as the losing party in the cause.
For the foregoing reasons, the two orders appealed from must be, and they are, reversed, and the cause is remanded with directions for the reinstatement of the plaintiff's cause and for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
RAWLS, C.J., and STURGIS, J., concur.