PARKER, J. GWYNN, Associate Judge.
The plaintiff (appellant in this appeal) in an action seeking damages for an alleged breach of contract appealed the trial court’s order entered sua sponte denying plaintiff’s motion to amend its complaint and dismissing the cause. The appellant’s contentions are valid, and we reverse.
In this non-jury trial before the court the plaintiff was attempting to establish the contractual obligation .on which its cause depended and was experiencing some difficulty in doing so with the first witness. The court denied a proffered amendment to the complaint and summarily dismissed the action before plaintiff had completed presentation of the evidence of its first witness.
The only authorization for involuntary dismissal of causes found in our Florida Rules of Civil Procedure, 30 F.S.A., is Rule 1.35:
“(b) Involuntary Dismissal * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.
With Prejudice. Unless the court in its order for dismissal otherwise specified, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits.” (Emphasis supplied).
 It is plain from reading the above-quoted Rule that defendant is not entitled to move the court for a dismissal until the plaintiff has completed its evidence and, of course, the court, of its own motion, would not be entitled to dismiss a cause prior to plaintiff having completed the presentation of its evidence.
In the case of Sapp v. Redding, 178 So.2d 204 (Fla.App.lst 1965) this question is treated exhaustively, wherein the defendant moved for a dismissal during plaintiff’s case but prior to having completed presentation of his evidence. In reversing the ruling of the lower court, it is pointed out that the critical words in subdivision (b), Rule 1.35 (“After the plaintiff has completed the presentation of his evidence, * * *.”) should be complied with in dismissals under the Rule:
“Even if the above critical words had not been included in subdivision (b) of Rule 1.35, we would be inclined to hold that the involuntary dismissal of a plaintiff’s cause at a trial for insufficiency of evidence before he had completed the presentation of his evidence would constitute reversible error as contrary to the due process of law and to fundamental principles of the administration of justice. Every party litigant is entitled to his ‘day in court,’ and this includes the right of a plaintiff to pre *808 sent admissible evidence in an attempt to prove the cause of action he has alleged, even though the testimony of his first witnesses may indicate that he has a weak case or none at all.”
In the case sub judice the court, of its own motion, dismissed the cause; it is to indulge in specious reasoning to contend that the court could do sua sponte what would not be allowed on motion of defendant. The plaintiff was not afforded “his day in court.”
Since we hold that the court’s dismissal of the cause was improperly entered, we make no determination of the propriety of the denial of plaintiff’s motion to amend.
For the foregoing reasons, the order appealed from must be and is reversed, and the cause is remanded with directions for the reinstatement of the plaintiff’s cause and for further proceedings consistent with the view herein expressed.
Reversed and remanded with instructions.