KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a final judgment entered by the trial court pursuant to a directed verdict granted at the close of her case. We reverse.
Appellant filed an amended complaint seeking money damages against appellees for libel and defamation. Appellees answered and asserted, among other things, the affirmative defense of privilege. Thereafter, the cause came on for a jury trial. At the close of appellant’s case, the trial court, without specifying the grounds therefor, granted appellees’ motion for a directed verdict. Pursuant to the trial court’s direction, the jury returned a verdict for appellees and then the court entered a final judgment in favor of appellees. From this final judgment, appellant appeals.
Our review of the record indicates that the only reasonable hypothesis upon which the trial court could have granted appellees’ motion for a directed verdict was that a qualified privilege barred appellant’s action. Because the instant case is an appeal from a directed verdict rendered at the close of the plaintiff’s (appellant) case, we must view the testimony and other evidence in a light most favorable to appellant as a nonmoving party. If there was any evidence in the record to support a verdict for appellant, the entry of the directed verdict was improper. See, e. g., Teare v. Local Union No. 295, 98 So.2d 79 (Fla.1957); and Frank Coulson, Inc.-Buick v. Trumbull, 328 So.2d 271 (Fla. 4th DCA 1976). Applying this principle to the instant case, we believe that the trial court erred in directing a verdict against appellant at the close of her *398 case. We feel that the question of the existence of a qualified privilege was one which could not be determined at the close of appellant’s case, but rather that the existence of any privilege was a matter to be established as an affirmative defense. Of course, this opinion should not be construed as commenting on the merits of such a defense. Accordingly, the final judgment appealed is reversed and the cause is remanded for further proceedings.
Because of this determination, it is not necessary for us to reach the other points raised by appellant on appeal.
Reversed and remanded.