CAMPBELL, Judge.
Cape Cave Corporation, defendant in an action by Charlotte Asphalt to foreclose on a mechanic’s lien, appeals the trial court’s entry of a final default judgment for failure of its president, a Mr. Jankowitz, to comply with orders directing him to produce documents in support of Cape Cave’s defense of payment. We reverse in part.
The facts as alleged in appellee’s complaint are that Cape Cave entered into a contract with Lateo Utilities for the construction of improvements on numerous lots being developed by Cape Cave in Charlotte County. Lateo then contracted with appel-lee for the supply of asphalt in connection with paving work. Appellee claimed that *1301 although it had subsequently furnished nearly $33,000 worth of materials, Lateo had only paid $5,000, prompting appellee to serve Cape Cave with a Notice to Owner as required by Section 713.06(2), Florida Statutes (1973). Thereafter, Cape Cave was alleged to have made improper payments or retained part of the contract price sufficient to pay appellee’s claim. Finally, ap-pellee alleged that it had complied with all requirements of the Mechanic’s Lien Law, and prayed that final judgment be rendered in its favor and that a lien be impressed on all of the lots encompassed by the development project.
Cape Cave’s answer raised sixteen affirmative defenses, most of which were based on appellee’s alleged failure to comply with various requirements of the Mechanic’s Lien Law. Two of the defenses, however, were that Charlotte Asphalt had been paid and that Cape Cave had only made proper payments to Lateo. Cape Cave also counterclaimed and filed a third party complaint against Lateo which alleged, inter alia, that Lateo had been paid for the asphalt work but had not paid ap-pellee.
This appeal concerns appellee’s attempts to discover evidence of Cape Cave’s defense of payment. The record reveals that appel-lee made and the trial court granted several motions to compel Cape Cave to produce the cancelled checks or any other conclusive evidence that it had paid Lateo for the paving work. Although Mr. Jankowitz asserted that diligent efforts were being made, no substantiating documents were ever produced, prompting appellee to move that the pleadings be struck and a default judgment entered. A hearing was held on this motion and Cape Cave was given a final opportunity to produce. When it did not, another hearing was held, resulting in the order from which Cape Cave appeals. Finding that Cape Cave had wilfully failed to comply with the court’s orders to produce, the court struck Cape Cave’s pleadings, including its affirmative defenses, counterclaim and third party complaint, and ordered it to pay Charlotte Asphalt nearly $28,000, plus interest and attorney’s fees. There was no finding that Cape Cave’s other defenses were, as a matter of law, invalid. Moreover, the court had earlier denied motions for summary judgment on the counterclaim and third party complaint.
Where a party wilfully and flagrantly refuses to comply with the trial court’s order, a trial judge has the discretion to impose appropriate sanctions. A sanction is appropriate if it is commensurate with the offense. Traveler's Insurance Company v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). Accord, Masons Concrete v. Corbin Weil Pump & Supply, Inc., 364 So.2d 824 (Fla. 2d DCA 1978). In light of Cape Cave’s repeated refusal to comply with the trial court’s orders to produce, we agree that an appropriate sanction should have been imposed. However, as we noted in Traveler’s Insurance Company, citing Flaksa v. Little River Marine Construction, 389 F.2d 885, 888 (5th Cir. 1968), “[dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions . . .” Thus, unless the trial court has also found that, as a matter of law, none of Cape Cave’s other defenses were valid, it was an abuse of discretion to strike those defenses, as well as the counterclaim and third party complaint, and to enter a final default judgment. See Zayres Department Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980). Cape Cave’s refusal, or inability, to produce evidence that Charlotte Asphalt had been paid or that proper payments had been paid to Lateo does not mean that it cannot prevail on its other defenses or on its counterclaim and third party complaint. In depriving Cape Cave of the opportunity to do so, the trial court went too far.
Therefore, we AFFIRM the order insofar as it struck the defenses of payment. However, we REVERSE the striking c* the other defenses and pleadings and the final default judgment. The case is remanded for further proceedings consistent with this opinion.
GRIMES, C. J., and SCHEB, J., concur.