406 So.2d 1234 (1981)
CHARLOTTE ASPHALT, INC., a Corporation, Appellant,
v.
CAPE CAVE CORPORATION, Appellee.
No. 81-674.
District Court of Appeal of Florida, Second District.
December 2, 1981.
*1235 Phillip J. Jones of Wotitzky, Wotitzky, Mandell, Batsel & Watkins, Punta Gorda, for appellant.
Warren J. Kozlow and Steven M. Siegfried of Schoninger, Jankowitz & Siegfried, Miami, for appellee.
SCHEB, Chief Judge.
Appellant sued to foreclose a claim of lien for asphalt allegedly supplied for roads in appellee's Rotonda West development.[1] At the close of appellant's case in a nonjury trial, appellee moved for a directed verdict on the ground that the testimony showed that a partnership rather than the appellant corporation supplied the asphalt, The trial court granted the motion and entered judgment for the appellee. This appeal ensued.
Appellant filed its claim of lien and suit to foreclose in its corporate capacity. Appellee did not challenge appellant's corporate existence. At trial appellant introduced invoices which showed that Charlotte Asphalt, Inc. made deliveries of the asphalt to appellee's general contractor, Latco Utilities, Inc. Appellant also introduced the deposition of Mr. Joel Jankowitz, appellee's president, in which he acknowledged that Latco had furnished an affidavit to appellee showing that Charlotte Asphalt, Inc. had supplied asphalt for the roads in its development.
Trial testimony introduced some confusion on appellant's status when appellant's vice president, Mr. Thomas Willis, testified. Although Mr. Willis mentioned that he was a "partner" in Charlotte Asphalt in 1974 and 1975 when the asphalt was supplied, he did identify the corporate invoices and the claim of lien filed by appellant as documents supporting appellant's claim. Subsequently, the corporation's president, Dr. Fred Swing, also stated that he was a partner in Charlotte Asphalt; however, the record reveals that Dr. Swing did not understand questions about his company's formal organization. Nevertheless, Dr. Swing did state that while Charlotte Asphalt had originally been a partnership, that it was later incorporated.
The trial court granted appellee's motion for directed verdict. Because this *1236 was a nonjury trial, the appellee's motion should have been one for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b); however, both types of motions are governed by the same principles. Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957); Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977). The evidence must be evaluated in the light most favorable to the plaintiff, and any reasonable doubt must be resolved in the plaintiff's favor. Professional Computer Management, Inc. v. Tampa Wholesale Liquor, 374 So.2d 626 (Fla. 2d DCA 1979); Baro v. Southeast First National Bank, 363 So.2d 397 (Fla. 3d DCA 1978). If any reasonable interpretation of the evidence supports the plaintiff's claim, the court must deny the defendant's motion. Courtney v. American Oil Co., 220 So.2d 675 (Fla. 4th DCA 1969).
The misunderstanding concerning corporate entity expressed by Mr. Willis and Dr. Swing is common among principals in small businesses. Considering the documentary evidence and moral testimony, the record as a whole can be reasonably interpreted to conclude that Charlotte Asphalt was incorporated at the times that it supplied the asphalt.
We note that appellant filed this suit on November 5, 1975. Now, more than six years later, the case has still not been heard on its merits. We do not ascribe this delay to any party, counsel or the court. The fact is, however, that to merit public confidence, courts must expeditiously resolve disputes. We, therefore, recommend to the trial court that this litigation be expedited to a prompt conclusion.
We vacate the final judgment for appellee and remand for further proceedings consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] On a prior appeal we affirmed the trial court's order striking Cape Cave's defenses of payment of the claim asserted by Charlotte Asphalt because of its president's failure to comply with orders directing him to produce documents in support of that defense. However, on the ground that the trial court went too far in imposing sanctions, we reversed the court's order striking Cape Cave's other defenses and its entry of a default judgment against Cape Cave. Cape Cave Corp. v. Charlotte Asphalt, Inc., 384 So.2d 1300 (Fla. 2d DCA 1980).