422 So.2d 925 (1982)
Joel EVERS, As Personal Representative of the Estate of Helen Parks, Deceased, Appellant,
v.
Peter ZELYK, Jr. and Shelia Zelyk, Appellees.
No. 81-2549.
District Court of Appeal of Florida, Second District.
October 27, 1982.
Rehearing Denied December 2, 1982.
Marcus J. Ezelle, of Burton, Evers & Ezelle, P.A., Wauchula, for appellant.
William R. Platt, Tampa, Val R. Patarini and Robert A. Meade, Jr., Wauchula, for appellees.
CAMPBELL, Judge.
Joel Evers, as personal representative of the estate of Helen Parks, deceased, appeals from an order of the trial court granting a petition for revocation of probate of a will. The trial court's order amounts to a final judgment which found that the testatrix executed the will as a result of the undue influence exerted by two of the principal beneficiaries of the will. The ten page order of the trial court sets forth numerous findings of fact surrounding the execution of the will by the testatrix. The court concluded: "From the aforementioned findings the Court concludes that a presumption of undue influence is raised." The trial court did not make specific findings that the presumption of undue influence arose because of (1) a confidential relationship existing between the two beneficiaries and the testatrix, and (2) the beneficiaries' active procurement of the execution of the will.
Such specific findings are not essential if we are able to determine from the trial court's other findings and from the record that the conclusion of a presumption of undue influence is supported by evidence that supports the existence of (1) a confidential relationship, and (2) active procurement in the execution of the will. In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971); Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980). While we might not necessarily have reached the same conclusion, after an exhaustive review of the record, we determine that the trial court's conclusion of the existence of a presumption *926 of undue influence is supported by substantial, competent evidence. The trial court's further finding that the proponents of the will have "failed to produce testimony to overcome or equalize the presumption of undue influence" is likewise supported by the record.
AFFIRMED.
OTT, C.J., and RYDER, J., concur.