445 So.2d 680 (1984)
In re ESTATE OF Mamie McCOY,
Alice McCoy THOMPSON, As Personal Representative of the Estate of Mamie McCoy, Appellant,
v.
John R. MILTON and Doris P. Milton, Husband and Wife, As Trustee for Beverly June Milton, a Minor, Appellees.
Nos. 83-784, 83-801.
District Court of Appeal of Florida, Second District.
February 22, 1984.
*681 John S. Jaffer of Wilson, Wilson & Jaffer, Sarasota, for appellant.
Jack Wm. Windt, Sarasota, for appellees.
BOARDMAN, Acting Chief Judge.
This appeal challenges the propriety of a "directed verdict" entered during the course of a nonjury trial and requires us to determine whether the introduction of portions of a deposition not violative of the dead man's statute[1] waives the protection of that statute as to the balance of the deposition. Both points merit discussion.
Appellant Alice McCoy Thompson was appointed guardian of the person and property of her ninety-eight-year-old mother, Mamie McCoy, on July 14, 1982. Five days later, appellant brought suit to rescind a deed executed by Mamie McCoy on November 9, 1977, at age ninety-three, which conveyed her home to appellees' nine-year-old daughter, Beverly. Mrs. Thompson's complaint alleged that the deed lacked consideration and that her mother either had been incompetent at the time of the conveyance or subject to appellees' undue influence.
Pursuant to this rescission action, appellant deposed appellees on August 23, 1982, while Mamie McCoy was still living but presumably incompetent by reason of senility. Appellees disclosed in their depositions that they had selected Attorney Jack William Windt to prepare Mamie McCoy's deed, that they were Mrs. *682 McCoy's trusted neighbors who assisted her in her daily activities, and that Mamie McCoy had received no consideration for her conveyance. These disclosures did not violate the dead man's statute and were of obvious importance to appellant in establishing the allegations of her petition.[2] Appellees' depositions also recorded their recollection of Mrs. McCoy's conversations with Attorney Windt, as well as Mrs. McCoy's discussions with them concerning the personal shortcomings of her children and her desire to make Beverely the beneficiary of her estate.[3]
Mamie McCoy died on December 5, 1982, and Alice McCoy Thompson was substituted as plaintiff in the pending rescission action as personal representative of her mother's estate. After the case had been set for nonjury trial, appellees discovered a will which Attorney Windt had drafted for Mamie McCoy in close proximity of time to the contested deed and which, perhaps predictably, conveyed Mrs. McCoy's entire estate to appellees' daughter, Beverly. Given the similarity of issues raised by these documents, the court proceeded to trial on the validity of both instruments.
At trial, appellant's counsel, Ms. Schmoyer, elicited the testimony of Mamie McCoy's various relatives who stated that Mrs. McCoy had been confused and forgetful "as early as 1949," "since 1974," "at least by the early `70's," and definitely "in 1977." After adducing this evidence, Ms. Schmoyer attempted to introduce portions of appellees' August, 1982, depositions, and the following discussion ensued.
THE COURT: Do you rest?
MS. SCHMOYER: No. I want to introduce portions of two depositions, and then I'll rest.
MR. WINDT [appellees' counsel]: You can put in all three if you want.
MS. SCHMOYER: No. I don't want to put in all three, because I don't want to waive the Dead Man's Statute, so I've just made copies 
... .
MS. SCHMOYER: Do you want me to read the portions into the record?
MR. WINDT: Could you just refer to them? It would save some time.
THE COURT: How long are they? Whose depositions are they?
MS. SCHMOYER: Both Miltons.
THE COURT: I thought you were going to call them.
MS. SCHMOYER: No.
THE COURT: He's going to call them.
MS. SCHMOYER: I know he is.
THE COURT: All right, I'll let you put these in in rebuttal if he doesn't. I'd rather have the live testimony, and you can use that if it's different than what they tell you.
MS. SCHMOYER: Rather than have me just submit this as part of my evidence in support of our position?
THE COURT: Wouldn't you rather cross examine him on the deposition than to put that in now?
MS. SCHMOYER: Okay. I'll hold it.
THE COURT: And if he doesn't introduce it, I'll allow you to put these into his case.
MR. WINDT: Are you resting?
MS. SCHMOYER: Except for that, I guess.
Appellees then moved for directed verdict on the basis that appellant's evidence had failed to show Mamie McCoy's lack of capacity at the time of each document's execution, appellees' undue influence, or the absence of consideration for the transfer. The trial court reserved ruling on this motion in order to hear the testimony of Mamie McCoy's physician, a defense witness.
*683 When appellees subsequently did not testify, appellant's counsel attempted to continue her case in chief by reading portions of appellees' depositions into evidence. Opposing counsel objected to Ms. Schmoyer's selective reading of the depositions and was instructed by the court to include any omitted material. Ms. Schmoyer then objected that some of opposing counsel's additions violated the dead man's statute by referring to statements purportedly made by the deceased. Counsel also explained that she deliberately had omitted these excerpts to prevent waiver of that provision and that her presentation of portions of appellees' depositions was authorized under Florida Rule of Civil Procedure 1.330(a). Appellees' attorney responded by offering the entire deposition, and appellant's counsel again objected on the basis of the dead man's statute.
Presented with this procedural morass, the trial court excluded all depositions, denied Ms. Schmoyer's request to call appellees personally because she had rested "except for entering those depositions," and then granted appellees' earlier motion for "directed verdict." The court subsequently entered a final judgment for appellees, and this timely appeal ensued.
We note initially that appellees' motion for "directed verdict" in this nonjury trial properly should have been a motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). Charlotte Asphalt, Inc. v. Cape Cave Corp., 406 So.2d 1234 (Fla. 2d DCA 1981). Appellees' misnomer on this point does not affect the substance of this appeal, however, because the same legal principles govern both motions. Id. at 1236.
As Rule 1.420(b) makes clear,[4] an opponent may seek involuntary dismissal of a cause of action or claim only after the party seeking affirmative relief has completed the presentation of his case. Logically, the trial court cannot fairly conclude that the plaintiff has shown no right to relief under the facts and the law presented until after the plaintiff has finally rested his case. Indeed, as the First District noted in Sapp v. Redding, 178 So.2d 204, 206 (Fla. 1st DCA 1965):
Every party litigant is entitled to his "day in court," and this includes the right of a plaintiff to present admissible evidence in an attempt to prove the cause of action he has alleged, even though the testimony of his first witnesses may indicate that he has a weak case or none at all.
Applying these principles to the instant case, we conclude that appellant has not been fully accorded her day in court. While we appreciate the trial court's preference for appellees' in-court testimony and commend its obvious desire to resolve this case expeditiously, we feel that the court's concern with these matters could have unfairly influenced appellant to prematurely, albeit conditionally, rest her case. Because appellant expressed an unequivocal desire to present appellees' deposition testimony in her case in chief, as was her prerogative under Florida Rule of Civil Procedure 1.330(a)(2), we do not believe that appellant fairly can be held to have concluded her evidence at the time of the "directed verdict's" entry. Thus, we reverse and remand to allow appellant to continue the presentation of her case.
On remand, the trial court should allow appellant to either call appellees as adverse witnesses or present those portions of their depositions which she deems helpful *684 in establishing her cause of action and which are otherwise admissible "under the rules of evidence applied as though the witness were then present and testifying." Fla.R.Civ.P. 1.330(a), (a)(2). Should appellant choose to introduce portions of appellees' depositions, however, she cannot then assert the protection of the dead man's statute to forestall appellees from introducing "any other part that in fairness ought to be considered with the part introduced" under Rule 1.330(a)(4). As our supreme court noted in Herring v. Eiland, 81 So.2d 645, 648 (Fla. 1955), a personal representative's attempted use of portions of a deposition favorable to his position waives the protection of the dead man's statute as to all legally competent evidence contained therein. See also Small v. Shure, 94 So.2d 371 (Fla. 1957); Embrey v. Southern Gas & Electric Corp., 63 So.2d 258 (Fla. 1953); W. Hicks, Trial Handbook for Florida Lawyers § 162 (1970). Although this observation in Herring appears to be dicta, we deem it to be a correct statement of the law as it applies to this appeal.
For the reasons previously stated, we REVERSE and REMAND for proceedings consistent with this opinion.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] § 90.602, Fla. Stat. (1981).
[2] See In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971); Evers v. Zelyk, 422 So.2d 925 (Fla. 2d DCA 1982), petition for review denied, 430 So.2d 450 (1983).
[3] While the dead man's statute, of course, disqualifies an interested person from testifying as to his oral communications with the decedent, it does not prohibit him from testifying as to an oral communication between the decedent and a third party in which he took no part. See Withers v. Sandlin, 44 Fla. 253, 32 So. 829, 829 and 832 (1902).
[4] Florida Rule of Civil Procedure 1.420(b) provides in pertinent part:

After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.