WARNER, Judge,
dissenting.
I would reverse on the authority of Sapp v. Redding, 178 So.2d 204 (Fla. 1st DCA 1965), and hold that the trial court erred in granting an involuntary dismissal of the pro se appellants’ case prior to resting their ease. The appellees claimed that the appellants had no evidence of the value of their property, an essential element of their challenge to the property assessment, and urged the trial court to grant an involuntary dismissal halfway through the appellants’ presentation of their case for this reason. Countering appel- *479 lees’ contentions, appellants stated that the bank had made an appraisal of the property, although the bank’s appraiser was not there to testify. Later, appellant Reza Seyedin said that he was prepared to take the stand and testify as to the property’s value. The appellees countered that at Mr. Seyedin’s deposition, he had only a “guesstimate” of the value of the property and that any valuation Mr. Seyedin could make would not be in compliance with the valuation principles. In my opinion, appellees’ objections went to the weight of Mr. Seyedin’s testimony and, therefore, would have been the subject of cross-examination or appropriately noted objections. Mr. Seyedin had a right to testify as to the value of his own property. Appellants should have not been cut short by the court’s premature grant of involuntary dismissal prior to the time that appellants rested their case. See also Underground Supply Co. v. Mason, 365 So.2d 447 (Fla. 4th DCA 1978).