HARRIS, Judge.
Sonia Kelley appeals from a final judgment in favor of Lorrell H. Webb. We reverse.
Kelley filed a personal injury action against Lorrell H. Webb (her ex-husband) alleging that while visiting his home, she slipped on some oil on his driveway and sustained substantial injuries.
At trial, Kelley testified that Webb called her daughter and told her he had a present for her new baby. Her daughter asked Kelley to go to Webb’s house and pick up the present. When Kelley arrived, Webb was in the driveway and appeared to be changing the oil in his car. She walked to the top of the paved driveway where Webb handed her the present. Kelley testified that the driveway had patches of wet leaves scattered on it and it appeared Webb had been watering the lawn since the grass was also wet. As she was walking back down the drive, she saw what appeared to be little puddles of oil; since she was wearing sandals, she stepped over them. She then slipped from the paved drive onto the grass and her foot went into a hole where a sprinkler head was located. She later noticed oil and grass stuck to the bottom of her sandals.
After Kelley arrived home, her foot began throbbing and started to swell. Although she put ice on it, the next morning it was bruised and still hurting. Kelley called Webb at work and told him her foot was hurting and she wanted to see a doctor; he told her he would get back to her. Later that day she went to Centra Care where it was determined that she had broken her big toe.
At that point in Kelley’s testimony, the court broke for lunch. Out of the presence of the jury, the court asked Kelley’s counsel what other evidence he intended to offer as to liability. Although he sought to present excerpts from Webb’s deposition, the court refused to permit such evidence stating “I don’t agree with you concerning offering a deposition to be read to the Jury when the Defendant is there in the courtroom to be asked those questions.”
When Kelley offered no other “liability” witnesses, the court directed a verdict for Webb.
Kelley has raised several issues in this appeal; we address only the first. Kelley contends that the court erred in refusing to permit her to read or publish portions of Webb’s deposition testimony during her ease in chief. She submits that rule 1.330(a)(2), Florida Rule of Civil Procedure, permits the deposition of a party to be used by an adverse party for any purpose. Webb responds that Kelley invited error by failing to call Webb as a witness even though he was available.
Rule 1.330(a)(2), Florida Rule of Civil Procedure, states:
The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a public or private corporation, a partnership or association, or a governmental agency that is a party may be used by an adverse party for any purpose.
[Emphasis added].
As the court held in In re Estate of McCoy, 445 So.2d 680, 683 (Fla. 2d DCA 1984):
Logically, the trial court cannot fairly conclude that the plaintiff has shown no right to relief under the facts and the law presented until after the plaintiff has finally rested his case. Indeed, as the First District noted in Sapp v. Redding, 178 So.2d 204, 206 (Fla. 1st DCA 1965):
Every party litigant is entitled to his “day in court,” and this includes the right of a plaintiff to present admissible evidence in an attempt to prove the cause of action he has alleged, even though the testimony of his first witness may indicate that he has a weak case or none at all.
Applying these principles to the instant case, we conclude that appellant has not *540 been fully accorded her day in court. While we appreciate the trial court’s preference for appellees’ in-court testimony and commend its obvious desire to resolve this case expeditiously, we feel that the court’s concern with these matters could have unfairly influenced appellant to prematurely, albeit conditionally, rest her case. Because appellant expressed an unequivocal desire to present appellees’ deposition testimony in her case in chief, as was her prerogative under Florida Rule of Civil Procedure 1.330(a)(2), we do not believe that appellant fairly can be held to have concluded her evidence at the time of the “directed verdict’s” entry. Thus, we reverse and remand to allow appellant to continue the presentation of her case.
Similarly, the court in LaTorre v. First Baptist Church of Ojus, Inc., 498 So.2d 455, 458 (Fla. 3d DCA 1986), rev. denied, 503 So.2d 326 (Fla.1987), found:
While it is true that Atwell’s testimony was subject to being impeached, and was to some extent impeached by his prior inconsistent statements made during his deposition, the fact remains that the plaintiffs were entitled to use Atwell’s deposition testimony as substantive evidence without being exposed to the witness’s evasiveness and other self-serving devices. The rule is clear: “The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent [of a corporation that is a party] ... may be used by an adverse party for any purpose.” Fla.R.Civ.P. 1330(a)(2); [Citations omitted]. Such a deposition may be used notwithstanding that the deponent is available to testify at the trial. [Citations omitted].
See also, Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla. 3d DCA 1963) (adverse party’s use of deposition of party or officer, director or managing agent of public or private corporation is not conditioned upon availability of deponent).
After refusing to allow portions of the deposition to be read, the court in this case also refused to permit Webb’s deposition to be introduced into evidence and refused to allow Kelley’s counsel to proffer the requested portions outside the presence of the jury. The court then asked Kelley’s counsel whether he rested and he replied that since he could not introduce Webb’s deposition, he would call no further witnesses. The court subsequently directed a verdict in favor of Webb. This was error and we reverse.
REVERSED and REMANDED for further action consistent with this opinion.
THOMPSON and ANTOON, JJ., concur.