641 So.2d 938 (1994)
Stacey BENNETT, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 94-1306.
District Court of Appeal of Florida, Fifth District.
September 2, 1994.
Stuart I. Hyman of NeJame & Hyman, P.A., Orlando, for petitioners.
Robert A. Butterworth, Atty. Gen., and Kristen L. Davenport, Asst. Atty. Gen., Daytona Beach, for respondent.
DAUKSCH, Judge.
The petitioners, sixteen defendants in DUI prosecutions, seek certiorari review of an order of the circuit court, sitting in its appellate capacity, which upheld an en banc county court order finding that a modified breath testing device did not meet H.R.S. testing procedures and suppressing the test results. The circuit court went further and sua sponte held that the state could introduce evidence of the test results by establishing the traditional predicate for the introduction of scientific evidence. We grant the petition and quash the circuit court's order.
The petitioners filed motions to suppress breath test results which were taken on modified devices. The county court consolidated the petitioners and other similar defendants' motions and entered an en banc order suppressing the test results on the basis that the devices were not properly approved at the time the tests were administered. The circuit court affirmed the county court order but went further and held that the state could use the unapproved device test results if the state established the traditional predicate for the introduction of evidence.
The issue of traditional scientific predicate was not raised by the parties and not considered by the county court. The parties did not raise this issue on appeal to the circuit court. We hold that the circuit court, sitting in its appellate capacity, erred in considering the traditional scientific predicate issue sua sponte and modifying the county court order with the inclusion of that issue. An appellate court cannot consider issues not presented to the trial court on appeal from orders of dismissal, Lipe v. City *939 of Miami, 141 So.2d 738 (Fla. 1962), on appeals from final judgments on the merits; Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971) or appeals from final summary judgments; Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Sparta State Bank v. Pape, 477 So.2d 3 (Fla. 5th DCA 1985). See also Durden v. Compass Points, Inc., 521 So.2d 363 (Fla. 5th DCA 1988). On appeal a court should confine itself to a review of only those questions which were before the court below. See Mariani v. Schleman, 94 So.2d 829 (Fla. 1957); Jones v. Neibergall, 47 So.2d 605 (Fla. 1950). We do not address the question relating to the propriety of the circuit court's ruling that the state may introduce the test results into evidence by establishing the traditional scientific predicate. This issue can be determined when and if the state attempts to introduce the test results in the several trials below.
WRIT GRANTED, ORDER QUASHED.
DIAMANTIS and THOMPSON, JJ., concur.