W. SHARP, Judge,
dissenting.
We should deny certiorari review in this ease, as we should have done in Bennett v. State, 641 So.2d 938 (Fla. 5th DCA 1994). That case involved identical rulings below made by the county court which were reviewed by the circuit court in its appellate capacity. Since the circuit court ruling was not clearly erroneous, and no miscarriage of justice was likely, our discretionary jurisdiction should have been denied. Combs v. State, 436 So.2d 93, 95-96 (Fla.1983); Haines City Community Development v. Heggs, 647 So.2d 855 (Fla. 2d DCA 1994); Krebs v. State 588 So.2d 38 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 658 (Fla.1992).
*307 In this case, like Bennett, the circuit court affirmed the county court’s order suppressing intoxilizer evidence on the ground that the State had failed to comply with applicable rules. This court in Bennett upheld that ruling, but struck as improper the circuit court’s statement that on remand the State could seek introduction of the evidence through traditional predicates for scientific evidence. Although introduction of this evidence pursuant to traditional scientific evidence predicates was not at issue in those cases, the statement did no harm and was probably correct. See Robertson v. State, 604 So.2d 783 (Fla.1992). In any event, the circuit court left the resolution of that issue for another day.
That was precisely the outcome of this court’s opinion in Bennett. In Bennett we said, “This issue can be determined when and if the state attempts t'o introduce the test results in the several trials below.” Bennett at 939.
That is also the net effect of our opinion in this case. Again we are merely striking dictum. In my view, we should not grant certiorari to merely quash dictum. The extraordinary powers of review of this court should only be exercised to achieve something meaningful.