OWEN, WILLIAM C„ Jr., Senior Judge.
Mr. Tucker and Mr. Philips, customers of Steve Moore Chevrolet, were co-passengers in the dealership’s courtesy van. When the van returned them to the dealership, Tucker exited from the front passen *779 ger seat and closed the door, unfortunately, on the hand of Mr. Phillips, who was then exiting from a rear seat of the van. Philips sued Tucker who, by third-party complaint, sought a declaratory judgment that he was an insured under the automobile liability policy on the van issued by Universal Underwriters Insurance Company (“Universal”). On undisputed facts the trial court entered summary judgment finding Mr. Tucker was an insured under the policy. We affirm.
Universal’s policy was multiple coverage, each part containing its own provisions.[1] Each part, together with the General Conditions, was expressly stated to be a separate contract of insurance. The General Conditions included the following:
“INSURED” means any person or organization qualifying as an INSURED in the WHO IS AN INSURED provision of the Coverage Part. Except with respect to the limit of liability, the insurance afforded applies separately to each INSURED.
Applicable here was Coverage Part 900, “Basic Auto,” which provided:
WHO IS AN INSURED — With respect to this Coverage Part:
(1) YOU, including YOUR spouse if a resident of the same household;
(2) under Insuring Agreements A and B:
(a) YOUR partner or executive officer. If they are using a TEMPORARY SUBSTITUTE AUTO, it must be used in YOUR business;
(b) any other person using an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO within the scope of YOUR permission, unless it is being loaded or unloaded.
(Emphasis supplied).
The insuring agreement under this Coverage provided:
INSURING AGREEMENTS — WE will pay:
A. INJURY — all sums the INSURED legally must pay as damages (including punitive damages where insurable by law) because of INJURY to which this insurance applies, caused by an OCCURRENCE arising out of the ownership, maintenance, use, loading or unloading of an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO. WE have the right and duty to defend any suit asking for these damages. WE may investigate and settle any claim or suit WE consider appropriate.
The summary judgment:
declared and decreed that UNIVERSAL UNDERWRITERS INSURANCE COMPANY has a duty to defend and as such owes a defense to TUCKER under the UNIVERSAL UNDERWRITERS INSURANCE COMPANY’S Policy of Insurance.
While Universal agrees that the “WHO IS AN INSURED” provision of Coverage Part 900 applies to this action, it contended before the trial court that Tucker is not an insured under the policy because he is not a named insured. Overlooked in this argument is the clear language that “any other person using the owned auto within the scope of [the named insured’s] permission” is an insured. On appeal, however, Universal recognizes the omnibus insured provision, but asserts, for the first time, that it is undisputed Mr. Tucker was not using the automobile because, it is argued, he was a passenger and had exited the automobile at the time he closed the door on Mr. Philip’s hand. This argument, not having been made in the trial court, is waived, see Dober v. Worrell, 401 So.2d 1322 (Fla.1981). That alone would be a proper basis upon which to affirm. Furthermore, that argument is not supported by any statutory or case authority cited in the brief and, similar to the argument that was made before the trial court, it is unavailing.
*780 Universal essentially rests its argument here on Universal Underwriters Insurance Co. v. Fallaro, 597 So.2d 818 (Fla. Ed DCA 1992), a case which, it baldly asserts, is “exactly on point.” Whether that assertion can be attributed to over zealous advocacy or simply a failure to understand the differences in the several insurance coverages provided in this type of policy, the case is not on point. The only similarity, other than the name of the insurer, is that the Fallaro case involved the same type of policy but an entirely different coverage part. The coverage involved in the Falla-ro case was the garage insurance (Part 500) in which the definition of WHO IS THE INSURED did not include the omnibus insured provision found in 2(b) of WHO IS THE INSURED in the basic auto insurance (Part 900) involved here.
On the undisputed facts, Mr. Tucker was using the van, see Hernandez v. Protective Cas. Ins. Co., 473 So.2d 1241 (Fla.1985); Padron v. Long Island Ins. Co., 356 So.2d 1337, 1339 (Fla. 3d DCA 1978) (“both ingress and egress from an insured motor vehicle is an integral part of the use of such a motor vehicle and any injuries sustained as a result thereof must be considered as arising out of the use of such vehicle.”); National Indem. Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), (“use” extends to any activity involved in the utilization of the covered vehicle in the manner intended or contemplated by the insured ... the term “use” is a general catch-all, intended and construed to include all proper uses of a vehicle not falling within another term or definition). That use was certainly within the scope of the owner’s permission. Mr. Tucker was, therefore, an insured under the coverage at issue here.
AFFIRMED.
DELL and TAYLOR, JJ., concur.

. This type of policy is more completely described in Dick Courteau's GMC Truck v. Comancho-Colon, 498 So.2d Í023, 1025 (Fla. 2d DCA 1986).