876 So.2d 1227 (2004)
Vincent A. LLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-184.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
Paul Morris of the Law Offices of Paul Morris, P.A., Miami, and R.N. Koblegard, III, of Fee, Koblegard & DeRoss, Fort Pierce, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng and Myra Fried, Assistant Attorneys General, West Palm Beach, for appellee.
FARMER, C.J.
In this appeal from a conviction for purchase of cocaine and possession of drug paraphernalia, defendant contends the trial court erred in denying his motion for admission into drug court because it misconstrued section 948.08(6)(a).[1] The trial judge found defendant ineligible. Defendant argues that he was in fact eligible because, as he explains in his brief, unlawful sexual activity with a minor does not equate with the term "sexual battery" or "any other crime involving violence." We hold that the issue was not preserved and affirm.
In arguing that defendant waived this issue and did not preserve it for review, the state points out that he never asserted this argument in the trial court. Defendant had in fact filed a motion for admission into the drug program early in the case, but he argued merely that he met all eligibility requirements. The state objected, pointing out that there were pending charges against him for sexual activity with a minor. Defendant's only argument in response was that the state had no right to object to his admission. In denying his motion, the trial court explained:
"The defense's position is, to put it succinctly, that the defendant would be eligible *1228 to enter the PTI program under F.S. 948.08, even without the State's consent, because he is charged with offenses that are PTI eligible under F.S. 948.08(6)(a), i.e. Purchase and Possession of Cocaine and even though that program has been abolished via Administrative Order in the 19th Circuit, the Drug Court Program is the functional equivalent of the PTI program. Therefore, if he is otherwise eligible for the PTI program, he is eligible for Drug Court upon his request for entry into such program even over the State's objection...."
Defendant did not seek a rehearing of the order to bring to the attention of the trial court the statutory construction argument he makes for the first time here. He also did not raise the issue in any other way during the four-month interval between the order and the sentencing. Nor did he raise the issue at sentencing. In short, he simply never presented his argument on statutory construction to the trial court.
We conclude that the argument on appeal was not preserved either by being raised before sentencing or by a post-sentencing motion under rule 3.800(b). It is well settled that arguments raised for the first time on appeal are not preserved and are therefore waived. Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (recognizing exception that in some circumstances, even though trial court's ruling is based on improper reasoning, ruling will be upheld if any theory or principle of law in record would support ruling); Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981) (holding it improper to raise issue for first time on appeal); Universal Underwriters Ins. Co. v. Tucker, 736 So.2d 778, 779 (Fla. 4th DCA 1999) (argument not having been raised in trial court is waived); Bennett v. State, 641 So.2d 938, 938-39 (Fla. 5th DCA 1994) (appellate court should confine itself to only those questions that were before the trial court). We have held that even fundamental sentencing errors must be preserved by raising them in the trial court first, either by objection or by filing a motion to correct sentence under rule 3.800(b). Drayton v. State, 791 So.2d 522, 524 (Fla. 4th DCA 2001) (consecutive five-year sentences clearly exceeding statutory maximum could not be raised on direct appeal when defendant did not object to sentence at trial court level or file motion to correct sentence); see also Fla. R.Crim. P. 3.800(b).
We therefore have no choice but to reject his attempt to raise it here for the first time.
AFFIRMED.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] § 948.08(6)(a), Fla. Stat. (2003) ("a person who is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893 ... who has not been charged with a crime involving violence, including, but not limited to, murder, sexual battery, robbery, carjacking, home-invasion robbery, or any other crime involving violence ... is eligible for admission into a pretrial substance abuse education and treatment intervention program approved by the chief judge of the circuit....").