IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEPHEN A. HENDERSON, JR.,

      Appellant,

v.

ONEWEST BANK, FSB,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2670

Opinion filed April 18, 2017.

An appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

Stephen A. Henderson, Jr., pro se, Appellant.

W. Bard Brockman of Bryan Cave LLP, Atlanta GA, for Appellee.

KELSEY, J.

Appellant raises multiple issues in this case involving foreclosure on his late mother's reverse mortgage. We affirm on all issues except one, that one being the award of attorneys' fees, as to which we reverse and remand for further proceedings.

Appellee's representative testified at the bench trial that the amount of attorneys' fees reflected in a proposed final judgment—$8,976.70—was accurate according to Appellee's records. The proposed final judgment was not entered into evidence at the trial. Shortly before the bench trial, an attorney with Appellee's law firm executed an "Affidavit as to Time, Effort, and Costs," stating a total of $13,753.50 in fees were due for the representation, based on a blend of flat-rate and hourly fees. The affidavit was filed with the trial court before trial, and thus appears in the appellate record, but was never admitted into evidence or even mentioned at the trial; and neither the affiant nor any other representative of the law firm, nor any expert, testified at the trial. On these facts, Appellee may be entitled to attorneys' fees, but it first must adduce additional competent and substantial evidence in support of the fees claimed.

Mortgage foreclosure plaintiffs seeking attorneys' fees must support their claim with competent, substantial evidence of the number of hours worked and evidence that those hours and hourly rates are reasonable. Absent a stipulation or waiver, the party seeking fees should present testimony from the lawyer who performed the services or an authorized representative of the law firm, and an expert as to reasonableness of the rates and fees. *Diwakar v. Montecito Palm Beach Condo. Ass'n, Inc.*, 143 So. 3d 958, 960-61 (Fla. 4th DCA 2014). If the record reflects some evidence supporting the fee award, but not testimony from the

2

lawyer or law firm or an expert, the proper remedy is to remand for further proceedings. *Id.*; *see also Colson v. State Farm Bank, F.S.B.*, 183 So. 3d 1038, 1040-41 (Fla. 2d DCA 2015) (remanding for evidentiary hearing where record included fee and cost affidavits filed with the trial court but not admitted into evidence at trial) (citing *Wagner v. Bank of Am., N.A.*, 143 So. 3d 447, 448 (Fla. 2d DCA 2014)).

Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for the trial court to take additional evidence on attorneys' fees.


ROWE and JAY, JJ., CONCUR.