DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAVERNE SHELDON TUCKER,**
Appellant,

v.

**LNV CORPORATION,**
Appellee.

No. 4D22-984

[May 24, 2023]

Appeal from the Circuit Court of the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE21-011076.

Catherine A. Riggins, Miami, for appellant.

David Rosenberg of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Boca Raton, for appellee.

FORST, J.

Appellant Laverne Sheldon Tucker appeals the summary final judgment of foreclosure and an award of attorney's fees in favor of Appellee LNV Corporation ("LNV"). Tucker raises several issues with the trial court's entry of summary judgment itself, none of which have merit and which we therefore affirm. Tucker also argues the trial court failed to adequately state on the record its reasons for granting summary judgment. However, because Tucker did not file a motion for rehearing with the trial court, this issue has not been preserved for appellate review. Finally, Tucker claims the trial court erred in its calculation of attorney's fees when it accepted untimely evidence as to the reasonableness of LNV's requested fees. We agree and reverse and remand for further proceedings with respect to the attorney's fee award.

## Background

On March 9, 2022, the trial court entered "Summary Final Judgment of Foreclosure" in LNV's favor. Tucker did not file a motion for rehearing. Only after the entry of the final judgment did LNV file an "Affidavit as to

Reasonable Attorneys Fees" on March 11, 2022. This appeal timely followed.

## Analysis

"A ruling on a motion for summary judgment is subject to de novo review." *Fla. Bar v. Greene*, 926 So. 2d 1195, 1200 (Fla. 2006).

A. *Compliance with Rule 1.510(a)*

Effective May 1, 2021, the Florida Supreme Court substantially revised Florida's summary judgment rule. *See In re: Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 74 (Fla. 2021). Pertinent to this appeal, the revised rule states that a trial court ruling on a summary judgment motion "shall state on the record the reasons for granting or denying the motion." Fla. R. Civ. P. 1.510(a). "[T]he court's obligation in this regard is mandatory." *In re: Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d at 77. The trial court can satisfy this requirement by stating its reasons in the order granting final summary judgment or by oral pronouncement. *See Simmons v. Pub. Health Tr. of Miami-Dade Cnty.*, 338 So. 3d 1057, 1062 (Fla. 3d DCA 2022) ("Thus, the transcripts of the two hearings the trial court held on [the defendant's] motion reflect that at both hearings, the trial court stated its reason for granting [the defendant's] motion for summary judgment with sufficient specificity . . . .").

Tucker contends the trial court failed to satisfy this obligation, offering only "a conclusory statement that there is or is not a genuine dispute as to a material fact." *In re: Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d at 77. However, we are precluded from reaching the merits of this issue. First, the record does not include a transcript from the February 28, 2022 summary judgment hearing. "The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript." *Esaw v. Esaw*, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007). Without a transcript, we cannot determine whether the trial court satisfied the "state[ment] on the record" requirement via oral pronouncement. Fla. R. Civ. P. 1.510(a).

Second, to the extent Tucker argues that the trial court failed to make required findings of fact on the face of the final judgment, this contention was not preserved by the filing of a motion for rehearing. *In re: Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530*, No. SC2022-0756, 2023 WL 3104357, at *1 app. (Fla. Apr. 27, 2023) (amended language of the rule) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact, a party must raise that

issue in a motion for rehearing under this rule.").[1]  "[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014).  Because Tucker failed to do so, this issue is not preserved, and we must affirm.

B. *Compliance with Rule 1.510(b)*

The new summary judgment rule also requires the summary judgment movant to file its motion and supporting factual position at least 40 days prior to hearing on the motion.  Fla. R. Civ. P. 1.510(b).  "[S]ummary judgment based on untimely summary judgment evidence upon which the movant relies is subject to reversal." *Suarez v. Space Coast Credit Union*, 150 So. 3d 1246, 1247 (Fla. 3d DCA 2014).  In addition, an award of attorney's fees must be supported by competent, substantial evidence. *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006).  This must include evidence as to the number of hours worked and expert testimony "as to reasonableness of the rates and fees." *Henderson v. OneWest Bank, FSB*, 217 So. 3d 209, 210 (Fla. 1st DCA 2017).  "If the record reflects some evidence supporting the fee award, but not testimony from the lawyer or law firm or an expert, the proper remedy is to remand for further proceedings." *Id.*

Tucker complains the trial court erroneously accepted two untimely affidavits in support of LNV's attorney's fee award.  The first, LNV's "Amended Affidavit as to Time, Effort, and Costs," was filed only eleven days before the summary judgment hearing.  But any error as to this affidavit is waived because Tucker failed to raise this argument below.  *See Lloyd v. State*, 876 So. 2d 1227, 1228 (Fla. 4th DCA 2004) ("It is well settled that arguments raised for the first time on appeal are not preserved and are therefore waived.").

The second challenged affidavit, addressing the reasonableness of LNV's attorney's fees, was filed two days *after* entry of summary final judgment.  As LNV rightly confesses, the trial court erred in considering that untimely submitted affidavit.  *Suarez*, 150 So. 3d at 1247.  Nevertheless, because some competent, substantial evidence supported awarding LNV's fees, we reverse and remand for the trial court to take additional evidence as to the reasonableness of the award.

**Conclusion**

---

[1] As our Supreme Court has stated, because the amendment to rule 1.530 merely clarifies existing law, we apply the amended rule here.  *See Jackson v. City of South Bay*, 358 So. 3d 18, 22 n.1 (Fla. 4th DCA 2023).

As set forth above, we affirm the trial court's final judgment of foreclosure on the merits without discussion.  Tucker did not preserve his Rule 1.510(a) challenge to the trial court's failure to set forth detailed findings in support of summary judgment, and he also failed to preserve his challenge to one affidavit concerning LNV's motion for attorney's fees.  LNV concedes error with respect to a second affidavit, and we thus remand the matter of the reasonableness of LNV's attorney's fees request for further proceedings.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and MAY, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**