DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MOHAMMAD SALAUDDIN,**
Appellant,

v.

**BANK OF AMERICA, N.A.,**
Appellee.

No. 4D13-2747

[November 12, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. Midelis, Senior Judge; L.T. Case No. 2008CA006539.

Andrea H. Duenas of Law Office of A. Duenas, P.A., Lantana, for appellant.

Travis Halstead of McCalla Raymer, LLC, Orlando, for appellee.

PER CURIAM.

Appellant, Mohammad Salauddin ("the homeowner"), appeals the trial court's order granting final judgment in favor of Bank of America ("the bank"), specifically as to the amount of interest the trial court ordered. The homeowner argues that, since the bank did not produce evidence of a change in the interest rate, the trial court erred in adopting the interest amount set forth in the bank's proposed final judgment. We agree and reverse.

The bank filed a one count mortgage foreclosure complaint based on a mortgage and note executed by the homeowner. The note was an adjustable rate note, and based on its terms, the yearly interest rate was set at eight percent. However, beginning on May 1, 2012, and every six months thereafter, the interest rate would change based on an index. The note stated that although the interest rate could change, it could never be less than five percent or greater than thirteen percent.

In June 2013, a trial was held on the mortgage foreclosure count.  At trial, the homeowner's payment history was entered into evidence, as well as the note, and the trial court also took judicial notice of the original note which had previously been filed with the court.  The bank's representative also testified that the date of the last payment made by the homeowner was in December 2007, and therefore, the default date was in January 2008.

At the end of the bank's case, the homeowner moved for an involuntary dismissal based on the fact that the bank failed to prove the interest rate. The motion was denied.  After the homeowner rested his case without presenting any evidence, the homeowner requested that any interest contained within the proposed final judgment, prepared by the bank, be removed, because the bank failed to prove the interest rate.  The following exchange occured:

> HOMEOWNER'S COUNSEL: Judge, it's just our position though that the actual evidence at the trial did not support the interest rate.

> THE COURT: Well, if the - - okay.  Now, if the business record is admitted in evidence, all of the figures in there are admissible as well.

The trial court entered a final judgment of foreclosure in favor of the bank, ordering an interest award of $106,499.87.  The homeowners timely filed a notice of appeal.

The standard of review for a motion for involuntary dismissal made at trial is de novo. *See Martin Cnty. v. Polivka Paving, Inc.*, 44 So. 3d 126, 131 (Fla. 4th DCA 2010) (explaining that the standard of review for a motion for directed verdict is de novo); *Charlotte Asphalt, Inc. v. Cape Cave Corp.*, 406 So. 2d 1234, 1236 (Fla. 2d DCA 1981) (explaining that motions for a directed verdict and motions for an involuntary dismissal at a nonjury trial are governed by the same principles).

Since the note and payment history were entered into evidence at trial, there was a basis for the court to determine the starting interest rate and the remaining amount owed by the homeowner.  What was not presented at trial was whether there were any changes in the interest rate based on the adjustable rate clause in the note, and what those changes were.

Since the amount of interest from the time the homeowner defaulted on the loan until May 1, 2012, was based on the starting fixed interest rate

(eight percent), the amount of interest owed for those months is supported by the note and payment history. However, the amount of the actual interest rate after May 2012, is unknown, and there was no testimony or evidence provided at trial as to the actual interest rate for those months. Therefore, since the note stated that the interest rate would not drop below five percent, this percentage was the only proof the bank supplied at trial, and the trial court should have used this interest rate to calculate the amount of interest after May 1, 2012. We do not agree with the bank that the difference between the amount of interest ordered and the amount based on the five percent interest rate is *de minimis*.

We therefore reverse the trial court's order as to the amount of interest, and remand for the trial court to calculate the interest amount (five percent after May 1, 2012) consistent with this opinion.

*Reversed and remanded.*

WARNER, MAY and CONNER, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***