NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PAUL DOYLE and SUSAN DOYLE,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellants,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D13-5651
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CITIMORTGAGE, INC.; MORTGAGE⠀⠀)
ELECTRONIC REGISTRATION⠀⠀⠀⠀⠀)
SYSTEMS, INC., a Nominee for Quicken⠀)
Loans, Inc.; and WATERWAYS OF⠀⠀)
NAPLES HOMEOWNERS' ASSOCIATION, )
INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellees.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed April 1, 2015.

Appeal from the Circuit Court for Collier
County; Daniel R. Monaco, Senior Judge.

John C. Webb of John Webb Legal Group,
P.L., Fort Myers, for Appellants.

Nancy M. Wallace and Ryan D. O'Connor
of Akerman LLP, Tallahassee; and William
P. Heller of Akerman LLP, Fort Lauderdale,
for Appellee CitiMortgage, Inc.

No appearance for remaining Appellees.

BLACK, Judge.

Paul and Susan Doyle[1] challenge the final judgment of mortgage foreclosure in favor of CitiMortgage, Inc. Though the Doyles raise several challenges to the final judgment, we find merit only in their assertion that there was insufficient evidence to support the final judgment figures.[2] We reverse and remand for further proceedings as to this issue and affirm the remaining issues without comment.

At the bench trial, CitiMortgage's representative was presented with a proposed final judgment and asked to recite the current amount due on the loan. The representative testified that the total amount due on the loan was $365,938.51. The proposed final judgment was not admitted into evidence, and the only other evidence admitted that supports the amount of indebtedness is the loan payment history which accurately reflects the principal balance.[3]

"A damages award must be supported by competent, substantial evidence." Wagner v. Bank of Am., N.A., 143 So. 3d 447, 448 (Fla. 2d DCA 2014).

---

[1]Mortgage Electronic Registration Systems, Inc., a nominee for Quicken Loans, Inc., and Waterways of Naples Homeowners' Association, Inc., were also named defendants in the foreclosure action. However, they have made no formal appearance in this appeal.

[2]The Doyles' argument regarding the sufficiency of the evidence supporting the final judgment figures was not raised below. However, Florida Rule of Civil Procedure 1.530(e) provides that "[w]hen an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment."

[3]The final judgment reflects that the total amount due on the loan is $365,938.51, which is the sum of the principal balance ($281,278.46), interest ($66,071.74), escrow advances ($17,310.31), property evaluations ($588), and property inspections ($690).

Though the principal balance contained in the final judgment is supported by the loan payment history that was admitted without objection, there was no other evidence admitted to support the remaining figures in the final judgment. As such, the testimonial evidence presented to establish the total amount of indebtedness was inadmissible hearsay and the total amount of indebtedness is not supported by competent, substantial evidence. See id. (holding that the damages award was not supported by competent, substantial evidence where the payment history admitted at trial did not reflect the amount of damages awarded for property inspections and costs of collection); Sas v. Fed. Nat'l Mortg. Ass'n, 112 So. 3d 778, 779-80 (Fla. 2d DCA 2013) (holding that the amount of indebtedness was not supported by competent, substantial evidence because the testimony regarding this amount concerned business records not admitted into evidence).

The Doyles contend that this matter should be reversed and remanded with directions for the trial court to enter an order of involuntary dismissal pursuant to Wolkoff v. American Home Mortgage Servicing, Inc., 153 So. 3d 280 (Fla. 2d DCA 2014). Wolkoff is distinguishable because none of the evidence admitted in that case supported the final judgment figures. See id. at 283. Therefore, we reverse and remand for further proceedings to determine the amount of debt owed. See Wagner, 143 So. 3d at 448; Sas, 112 So. 3d at 780.

Affirmed in part; reversed in part; remanded for further proceedings.


KELLY and WALLACE, JJ., Concur.