NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARC COLSON and KRISTA COLSON,  )
                                )
        Appellants,             )
                                )
v.                              )      Case No. 2D13-5526
                                )
STATE FARM BANK, F.S.B. and     )
WACHOVIA BANK, NATIONAL         )
ASSOCIATION,                    )
                                )
        Appellees.              )
_____ )

Opinion filed April 15, 2015.

Appeal from the Circuit Court for Collier
County; Daniel R. Monaco, Senior Judge.

Andrea H. Duenas of Law Office of A.
Duenas, P.A., Lantana, for Appellants.

Wm. David Newman, Jr. of Choice Legal
Group, P.A., Fort Lauderdale, for Appellee
State Farm Bank, F.S.B.

No appearance for Appellee Wachovia
Bank, National Association.


BLACK, Judge.

        Marc and Krista Colson challenge a final judgment of foreclosure entered

in favor of State Farm Bank, F.S.B., following a bench trial.  Of the three issues the

Colsons raise, two have merit and require reversal in part.

State Farm commenced a mortgage foreclosure action against the Colsons in February 2009. The case ultimately went to trial in November 2013. At trial, State Farm's sole witness was an employee of Cenlar, FSB. Through this witness State Farm introduced into evidence a power of attorney between State Farm and Cenlar, a breach and acceleration letter addressed to the Colsons, and a loan payment history. State Farm also attempted to introduce the original note and mortgage, which the trial court required to be filed on record with the clerk rather than admitted into evidence.[1]

With regard to the loan payment history, State Farm inquired of its witness whether the figures in the proposed final judgment comported with the numbers in Cenlar's business records. The proposed final judgment was not in evidence nor was it a business record upon which the witness could rely. On cross-examination, the witness testified that he was not aware of the accounting procedures for State Farm. At the close of evidence, the Colsons moved to have State Farm's witness' testimony stricken as unreliable. The motion was denied and the court proceeded to execute the final judgment proposed by State Farm. The issue of attorney's fees and costs was raised following entry of the final judgment.

[1]"In order to prevail in a suit on a note and mortgage, the original note and mortgage must be introduced into evidence or a satisfactory reason must be given for failure to do so." Fair v. Kaufman, 647 So. 2d 167, 168 (Fla. 2d DCA 1994) (citing W.H. Downing v. First Nat'l Bank of Lake City, 81 So. 2d 486, 488 (Fla. 1955)). "Because a promissory note is a negotiable instrument, a plaintiff seeking to foreclose on a defendant *must produce the original note* (or provide satisfactory explanation of the failure to produce) *and surrender it to the court* or court clerk *before* the issuance of a final judgment . . . ." Deutsche Bank Nat'l Trust Co. v. Huber, 137 So. 3d 562, 564 (Fla. 4th DCA 2014) (second emphasis added); see also Alavi v. Garcia, 140 So. 3d 1141, 1143 (Fla. 5th DCA 2014) (stating that this "surrendering" requirement can be met by filing with the clerk or judge before judgment is entered on the note).

The Colsons argue that there was no evidence of the damages included in the final judgment and that State Farm's witness merely affirmed that the numbers in the proposed final judgment were correct without elaboration or explanation. This is a sufficiency of the evidence claim and our review is for competent, substantial evidence. See Wagner v. Bank of Am., N.A., 143 So. 3d 447, 448 (Fla. 2d DCA 2014). As has been consistently stated in foreclosure cases, a sufficiency of the evidence claim may be raised for the first time on appeal. See Fla. R. Civ. P. 1.530(e); Lacombe v. Deutsche Bank Nat'l Trust Co., 149 So. 3d 152, 153 (Fla. 1st DCA 2014).

The crux of the Colsons' argument is that the amount of indebtedness cannot be extracted and calculated from the payment history, the only evidence State Farm presented as to damages.[2] The payment history consists of twenty-six pages of coded data entries with no final totals. Some of those twenty-six pages appear to be computer screenshots while others are spreadsheets. The print dates on the documents range from 2006 to 2013. There was no testimony explaining these documents or the figures in them, nor was there testimony as to the amount of indebtedness. This is true for each line item of damages on the final judgment. Additionally, the transcript of the trial reflects that the court executed the final judgment

---

[2]We note that State Farm argues in its answer brief that it "provided the necessary prerequisites for the introduction of the business records that were placed into evidence and the trial court did not abuse its discretion in receiving the exhibits into evidence." Specifically, State Farm contends that the payment history was properly admitted into evidence. While we disagree with that contention—the servicer's representative failed to meet the requirement of section 90.803(6), Florida Statutes (2013), and WAMCO XXVIII, Ltd. v. Integrated Electronic Environments, Inc., 903 So. 2d 230 (Fla. 2d DCA 2005)—the Colsons have not challenged the trial court's ruling on their objection to the admission of the payment history.

immediately upon finding in favor of State Farm. The final judgment was rendered the same day. Thus, the court could not have reviewed the payment history and determined that the final judgment figures were accurate from the evidence provided.

The Colsons also contend that there is no evidence to support the court's award of attorney's fees and costs. State Farm filed affidavits of attorney's fees and costs the day before the trial but those affidavits were not submitted into evidence at the trial. In fact, following the court's entry of the final judgment in favor of State Farm counsel for State Farm stated that he had affidavits if the court needed them and that he could file them separately.

While the Colsons rely on the general rule that "when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings," where the record includes some evidence supporting the fee and cost award, this court may remand for further proceedings. See Diwakar v. Montecito Palm Beach Condo. Ass'n, 143 So. 3d 958, 961 (Fla. 4th DCA 2014). Remand for "an evidentiary hearing on the amount of attorney's fees and costs sought by the bank" is necessary and proper where the only evidence of the fees and costs "was an affidavit filed by the bank's counsel prior to trial." Wagner, 143 So. 3d at 448.

In seeking reversal, the Colsons rely, in part, on this court's decision in Wolkoff v. American Home Mortgage Servicing, Inc., 153 So. 3d 280, 282 (Fla. 2d DCA 2014), where this court not only reversed a final judgment of foreclosure but remanded with directions that the trial court enter an involuntary dismissal of the case. Such action is inappropriate here. The Colsons did not move to dismiss the action at the

close of evidence or otherwise move for judgment on the pleadings or a directed verdict. And although the Wolkoff opinion is silent as to any motion made by the Wolkoffs at the close of evidence, the record in that case reflects that the Wolkoffs moved for judgment on the pleadings. The court treated the motion as one for involuntary dismissal. See Salauddin v. Bank of Am., N.A., 150 So. 3d 1189, 1190 (Fla. 4th DCA 2014) (citing Charlotte Asphalt, Inc. v. Cape Cave Corp., 406 So. 2d 1234, 1236 (Fla. 2d DCA 1981) (explaining that motions for directed verdict and motions for involuntary dismissal at a nonjury trial are governed by the same principles)). It is only by virtue of a motion to dismiss or motion for directed verdict that this court could direct dismissal on remand. See, e.g., Burdeshaw v. Bank of N.Y. Mellon, 148 So. 3d 819, 826-27 (Fla. 1st DCA 2014). But see Beauchamp v. Bank of N.Y., 150 So. 3d 827 (Fla. 4th DCA 2014) (affirming judgment of foreclosure except as to amount due under note and remanding for further proceedings where defendant had filed a motion for involuntary dismissal).

It is undisputed that State Farm established it had standing as the holder of the note and mortgage and that the Colsons defaulted under the note. However, the total lack of evidence as to the damages stated in the final judgment requires reversal. Thus, we affirm in part and reverse in part.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this option.

VILLANTI, C.J., and CRENSHAW, J., Concur.