SLEET, Judge.
OneWest Bank, FSB, challenges the trial court’s final summary judgment entered in favor of Kristen M. Jasinski in its foreclosure action against Jasinski.[1] Because *1011 OneWest Bank presented an affidavit that sufficiently established the existence of a genuine issue of material fact, we conclude that summary judgment was improper and we reverse.[2]
On November 2, 2005, Jasinski executed a promissory note and mortgage with PrivateBank and Trust Company. The ownership of the note and mortgage changed hands from PrivateBank to Indy-Mac Bank in February 2006. Jasinski defaulted on the loan in March 2009. After OneWest subsequently acquired the assets of IndyMac, including the servicing rights to Jasinski’s note, it initiated a foreclosure action against Jasinski on July 1, 2009.
In response to the foreclosure complaint, Jasinski filed her answer and affirmative defenses and later moved for summary judgment, arguing that PrivateBank had executed a release of the note on February 7, 2006, and that therefore the note was satisfied and discharged before OneWest acquired it. In defense of summary judgment, OneWest filed the affidavit of a OneWest assistant secretary who averred that Jasinski had continued to remit payments on the loan through March 2009.
At the April 21, 2011, hearing on Jasin-ski’s summary judgment motion, OneWest argued that Jasinski’s continuing to make payments on the loan after execution of the release was evidence that the debt had not been satisfied. Unswayed by this argument, the trial court granted Jasinski’s motion for summary judgment but in doing so allowed OneWest twenty days in which to file a motion for reconsideration.[3]
OneWest timely filed its motion for reconsideration and attached the affidavit of Rebecca Marks, made in her capacity as “supervisor II of OneWest Bank.” In the affidavit, Marks attested as follows:
IndyMac Bank acquired this loan on February 1, 2006. IndyMac Bank' was closed by the Office of Thrift Supervision in July 2008 and IndyMac Federal Bank was created and appointed by the FDIC as conservator. On March 19, *1012 2009, OneWest Bank acquired substantially all of the assets of IndyMac Federal Bank from the FDIC as receiver, including the servicing rights to this Borrower’s loan. A screenshot from OneWest Bank’s electronic records system is attached as Exhibit “A” and evidences the date this loan was acquired.
The PrivateBank and Trust Company did not own the loan and were not authorized to execute the Release of Mortgage on February 7, 2006.
OneWest maintained that the affidavit created a genuine issue of material fact as to the validity of the release Jasinski received from PrivateBank.
At a hearing on August 25, 2011, a successor judge granted OneWest’s motion for reconsideration and asked the parties to reset the summary judgment hearing. The court further directed counsel for OneWest to prepare the order. Counsel for OneWest, however, failed to submit a proposed order, and neither party set the summary judgment motion for another hearing. Ultimately, OneWest changed attorneys, and litigation remained pending with little transpiring in the case until October 7, 2013, when Jasinski filed a motion for final judgment based upon the original nonfinal order granting the motion for summary judgment.
A third judge heard this motion and informed the parties that he would only consider the evidence that was in the record as of May 10, 2011, the date OneWest filed its motion for reconsideration. Based on that evidence, the court granted final judgment in Jasinski’s favor, emphasizing that OneWest had failed to comply with the summary judgment order’s directive to, within twenty days, provide sufficient proof of a genuine issue of material fact which would preclude summary judgment. In the written final judgment the trial court determined that Marks’ affidavit was legally insufficient because it contained inadmissible hearsay and did not satisfy the business records exception of section 90.803(6), Florida Statutes (2010). The court also stated that as an employee of OneWest, Marks was not qualified to testify about the records made by IndyMac.
OneWest argues on appeal that summary judgment was improper because Marks’ affidavit was legally sufficient to be considered by the trial court and established the existence of a genuine issue of material fact as to whether PrivateBank had the authority to execute a release based on the date it sold the note to Indy-Mac. We agree.
Pursuant to Florida Rule of Civil Procedure 1.510(c), a party is entitled to summary judgment “if the pleadiftgs and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Subsection (e) of that rule provides that “[supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” With regard to the requirement that the affidavit set forth facts that would be admissible in evidence,
[bjusiness records may be admitted under section 90.803(6) if the proponent of the evidence demonstrates the following through a records custodian or other qualified person:
(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.
*1013 Weisenberg v. Deutsche Bank Nat’l Trust Co., 89 So.3d 1111, 1112 (Fla. 4th DCA 2012) (quoting Yisrael v. State, 993 So.2d 952, 956 (Fla.2008)).
Marks specifically attested in her affidavit that she is “over the age of [eighteen], competent to testify, and [that] the statements made in this affidavit are based on personal knowledge of the mortgage servicing business records practices of OneW-est Bank and the facts contained herein [are] based upon such practices.” Furthermore, the affidavit stated: “In my capacity of Supervisor II of OneWest Bank, I have access to OneWest Bank’s business records, including business records for and relating to the Borrower’s loan.” This clearly demonstrates Marks’ personal knowledge of and competency to testify about OneWest’s mortgage servicing business records practices.
As to whether the affidavit satisfies the criteria for admission of the records under section 90.803(6), Marks averred as follows:
In the regular performance of my job functions, I am familiar with business records maintained by OneWest Bank for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by OneWest Bank. It is the regular practice of OneWest Bank’s mortgage servicing business to make these records. In connection with making this affidavit, I have personally examined these business records.
Based on our reading of the affidavit in the light most favorable to OneW-est,[4] we reject the trial court’s characterization of Marks’ statements as hearsay and conclusory. The affidavit states that the records upon which it was based were made at or near the time of the event by persons with knowledge of the transaction and kept in the ordinary course of OneW-est’s business as a regular practice of OneWest. This meets the statutory requirements for application of the business records hearsay exception set forth in section 90.803(6). Additionally, the fact that IndyMac, and not OneWest, owned the loan at the time of the event is not disposi-tive of Marks’ qualifications to testify about the records. Although Marks herself did not prepare the records in question, “a record custodian who has been called to testify under oath need not be the actual person who prepared the document, but he or she must demonstrate knowledge of each requirement for establishing the business record foundation.” Bank of N.Y. v. Calloway, 157 So.3d 1064, 1073 (Fla. 4th DCA 2015). Furthermore, as a whole, Marks’ affidavit with attachment indicates that OneWest acquired the assets of IndyMac, including this loan, and incorporated the records thereto into its own loan servicing system. Marks was personally familiar enough with these records and the record-keeping practices of OneW-est to attest to the ownership of this loan.
It is also important to note that this case presents itself in the posture of a summary judgment that was opposed by affidavit.
[T]he opponent of a motion for summary judgment [is not] obligated to have his *1014 ... witness cover all the details and formalities that would be required in offering the same [witness’s] testimony at a trial of the cause. To do so would turn the summary judgment process itself into a trial of, rather than a search for, issues. This does not mean that the evidentiary matter submitted in opposition, including that offered in an affidavit, should not be of the kind which would be admissible in evidence at a trial. The evidentiary matter offered must be both relevant and competent as to the issues in the cause. But it need not be in the exact form, or cover all the preliminaries, predicates, and details which would be required of a witness ... if he were on the stand at the trial.
Hall v. Talcott, 191 So.2d 40, 45 (Fla.1966). By this opinion, we merely conclude that Marks’ affidavit was sufficient for OneW-est to survive the motion for summary judgment. When and if this cause proceeds to trial, both parties will have the opportunity to pursue any evidentiary challenges that may lawfully be available to them.
In coming to this conclusion, we further note that “generally the courts hold the moving party for summary judgment or decree to a strict standard and the papers supporting his position are closely scrutinized, while the papers opposing are leniently treated in determining whether the movant has satisfied the burden required of him.” Gonzalez v. Chase Home Fin. LLC, 37 So.3d 955, 958 (Fla. 3d DCA 2010) (quoting Humphrys v. Jarrell, 104 So.2d 404, 410 (Fla. 2d DCA 1958)).
Marks’ affidavit complies with the requirements of rule 1.510(e) and section 90.803(6). Accordingly, the trial court erred in concluding that the affidavit was legally insufficient to be considered at summary, judgment and that there remains no genuine issue of material fact as to the validity of the release that Jasinski relied on as the basis for her motion for summary judgment. We therefore reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.

. OneWest’s complaint below named the following defendants: "Kristen M. Jasinski a/k/a Kristen Jasinski, Individually and as Trustee of the Kristen M. Jasinski Trust, Dated as of June 18th, 2003; Wesley Jasinski; Mortgage Electronic Registration Systems, Inc. as Nom *1011 inee for Washington Mutual Bank; Unknown Parties in Possession # 1; Unknown Parties in Possession # 2; If living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants.” However, the only defendant to file an answer to the complaint was Kristen M. Jasinski, individually and in her capacity as trustee. The record before this court makes no other mention of the other named defendants. And although they were never properly dismissed from the case, the final judgment on appeal does not refer to the other defendants but states that it is "entered for Defendants, Kristen M. Jasinski, Individually and as Trustee of the Kristen M. Jasinski Trust Dated June 18, 2003, on all counts of the complaint.” As such, the order is final as to Jasinski, but the status of the remaining defendants is not clear to this court. Nevertheless, because the rights of the remaining defendants are not affected by this appeal, we have not included them as appellees in this proceeding.

. Because we reverse on this basis, we do not address OneWest’s other arguments on appeal.

. Although the trial court's written order referenced a motion for rehearing — -and OneW-est’s ultimate motion was entitled as one for rehearing — the proper motion by which to challenge a nonfinal summary judgment is a motion for reconsideration. See Seigler v. Bell, 148 So.3d 473, 478-79 (Fla. 5th DCA 2014) ("Motions for rehearing and motions for reconsideration are two distinct motions and, though they are often confused, they do not overlap. Motions for ‘rehearing’ pursuant to Florida Rule of Civil Procedure 1.530 apply only to final judgments.... Motions for 'reconsideration' apply to nonfinal, interlocutory orders.... Nomenclature does not control, and ... motions aimed at nonfinal orders shall be treated as motions for reconsideration.”).

. See Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256, 259 (Fla.2002) ("When reviewing the entry of summary judgment, 'an appellate court must examine the record and any supporting affidavits in the light most favorable to the non-moving party.' ” (quoting Turner v. PCR, Inc., 754 So.2d 683, 684 (Fla.2000))).