NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| JIMMY MICHEL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-3022 |
| | ) | |
| THE BANK OF NEW YORK MELLON f/k/a | ) | |
| THE BANK OF NEW YORK as trustee for | ) | |
| holders of Structured Asset Mortgage | ) | |
| Investments II Trust 2006-ARS, Mortgage | ) | |
| Pass-Through Certificates, Series | ) | |
| 2006-ARS; JOSEPH M. FERON; QUAIL | ) | |
| HOLLOW PROPERTY OWNERS | ) | |
| ASSOCIATION, INC.; and MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., as Nominee for | ) | |
| Countrywide Bank, N.A., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Opinion filed May 13, 2016.

Appeal from the Circuit Court for Collier
County; Daniel R. Monaco, Senior Judge.

Thomas Erskine Ice of Ice Appellate,
Royal Palm Beach, for Appellant.

Nancy M. Wallace and Diane G.
DeWolf of Akerman LLP, Tallahassee;
William P. Heller of Akerman LLP,
Fort Lauderdale; and Scott R. Stengle of
Akerman LLP, Orlando, for Appellee
The Bank of New York Mellon.

No appearance for remaining Appellees.

SILBERMAN, Judge.

Jimmy Michel appeals a final judgment of foreclosure[1] entered after a trial in favor of the Bank of New York Mellon, as successor trustee to Countrywide Bank, N.A. (the bank). Michel raises two issues on appeal. We reject his first argument regarding the admission of business records. However, we agree that the trial court erred in determining the amount of interest and in awarding attorney's fees. Accordingly, we affirm the judgment of foreclosure in favor of the bank except as to the awards of interest and attorney's fees. We remand for entry of an amended judgment reflecting the amount of interest that is supported by the evidence.

In October 2009, the bank filed a one-count complaint to foreclose on a residential property subject to a mortgage executed by Michel, Michel's mother, and her husband and an adjustable rate note executed by Michel's mother. The bank alleged that no payments had been made on the note since August 1, 2008. Michel represented himself for most of the proceedings below. A trial was held on April 30, 2014.

At trial, the bank's main witness was Jose Perez, a "default case specialist" for Nationstar, the loan servicer at the time of trial. Over Michel's hearsay objections, the trial court ruled that Perez had properly laid a foundation for the business records exception, and the court allowed the bank to admit into evidence the original note and mortgage, the payment history, and the bank's notice of default. Counsel for

---

[1]The notice of appeal named both Michel and his mother as appellants. However, Michel's mother passed away after the notice of appeal was filed, and because no estate was opened for the mother, this court issued an order for the appeal to proceed with Michel as the sole appellant.

the bank then attempted to hand Perez a proposed final judgment so Perez could testify to the outstanding amounts of principal and interest. Michel objected because the final judgment was not a business record. The trial court sustained the objection, and Perez then explained that he had the outstanding amounts on his cell phone. By referring to his cell phone, he testified that the total amount owed on the note and mortgage was $399,953.71, which, among other items, included principal in the amount of $298,155.99 and interest in the amount of $69,776.33. Perez did not provide any testimony explaining how that interest figure had been calculated or what the applicable interest rate or rates were on the variable note from the time of default. Michel objected to Perez's use of the cell phone after Perez testified to the amounts due and owing, and the trial court overruled the objection as untimely.

The bank also called both Michel and his mother. They did not dispute the default, although Michel's mother said she did not recall the last time she had made a payment. Michel testified that he did not remember signing the mortgage.

The trial court entered the final judgment provided by the bank. The final judgment included awards of principal in the amount of $298.155.99; interest of $68,187.36 that accrued from August 1, 2008, to February 12, 2014; interest of $2279.97 computed at the rate of 6.625% that accrued from February 13, 2014, to April 30, 2014; and attorney's fees totaling $4140.

Michel raises two issues on appeal. First, he argues that Perez was not qualified to lay a foundation for the business records exception under section 90.803(6), Florida Statutes (2013), because Perez had no knowledge of the regular business practices of the prior loan servicer and did not personally participate in or supervise

Nationstar's boarding process. We find no merit to this argument. Perez testified that Nationstar independently verified the loan documents it received from the prior servicer through a boarding process that he described. It was not necessary for Perez to have personal knowledge of the prior servicer's business practices or to participate in Nationstar's boarding process, and the trial court did not abuse its discretion in admitting the records as business records. See OneWest Bank, FSB v. Jasinski, 173 So. 3d 1009, 1012-13 (Fla. 2d DCA 2015); WAMCO XXVIII, Ltd. v. Integrated Elec. Env'ts, Inc., 903 So. 2d 230, 233 (Fla. 2d DCA 2005); Le v. U.S. Bank, 165 So. 3d 776, 777-78 (Fla. 5th DCA 2015); Bank of N.Y. v. Calloway, 157 So. 3d 1064, 1072 (Fla. 4th DCA 2015).

In his second issue, Michel makes several challenges to the sufficiency of the evidence. We reject without discussion his arguments that the bank failed to present sufficient evidence that it complied with the notice requirement in paragraph 22 of the mortgage. We discuss but also reject his argument as to the sufficiency of the bank's evidence concerning the principal balance owed on the mortgage. However, we agree that the trial court erred in determining the amount of interest and in awarding attorney's fees.

Michel contends that the $298,155.99 award of principal is not supported by the evidence at trial because the amount is greater than the original amount of the loan. This argument has no merit. It is true that Perez did not explain at trial how the principal amount increased after the origination of the loan. But, as the bank points out, the payment history admitted into evidence demonstrates that the increase in principal is due to negative amortization, that is, an increase from the accrual of unpaid interest. See Doyle v. CitiMortgage, Inc., 162 So. 3d 340, 341-42 (Fla. 2d DCA 2015)

- 4 -

(concluding that the payment history supported the principal awarded in the final judgment).

Michel is correct in his next argument that the amount of interest awarded in the final judgment is not supported by the evidence. By the terms of the adjustable rate note, the interest rate was subject to change based on a "Twelve-Month Average" index beginning on November 1, 2006, and on every month thereafter. However, "[b]eginning with the first" interest rate change on November 1, 2006, the interest rate would "never be lower" than 3.525%. As explained above, at trial Perez testified only to a total amount of outstanding interest, which was about $700 less than the amount of interest awarded in the final judgment. Perez did not explain how that total amount had been calculated, and after he was precluded from relying on the bank's proposed final judgment, he was able to testify to the amount by referring to his cell phone. The bank did not introduce records in support of the claimed interest or the actual amount contained in the final judgment, and it did not present any other evidence that demonstrates what the applicable interest rate was from the time of default or how much interest accrued from that point forward.

Thus, while the bank presented evidence sufficient to support an award of interest based on the minimum rate of 3.525%, the amount awarded in the final judgment is not supported by competent substantial evidence, and this portion of the damages must be reversed. See Doyle, 162 So. 3d at 341-42; Peuguero v. Bank of Am., N.A., 169 So. 3d 1198, 1203-04 (Fla. 4th DCA 2015). On remand, the trial court must calculate interest using the minimum rate of 3.525%. See Salauddin v. Bank of Am., N.A., 150 So. 3d 1189, 1190-91 (Fla. 4th DCA 2014); see also Boyette v. BAC

Home Loans Servicing, LP, 164 So. 3d 9, 10-11, 10 n.1 (Fla. 2d DCA 2015) (explaining that this court did not remand with directions to calculate the interest based on the minimum rate because the court was already remanding for a determination of other damages (citing Salauddin, 150 So. 3d at 1190-91)).[2]

Finally, Michel is also correct that the award of attorney's fees cannot stand. The final judgment awarded attorney's fees to the bank for 18.4 hours of time at an hourly rate of $225, totaling $4140. But the bank presented no evidence of the number of hours spent on the case, the hourly rate, or the total fee. At trial, Perez merely agreed on direct examination that counsel had been retained to represent the bank and the servicer and that they were "obligated" to pay counsel a "reasonable fee" for those services.

Because the bank did not present any evidence of attorney's fees at trial, we reverse the fee award without remand on that issue. See Colson v. State Farm Bank, F.S.B., 183 So. 3d 1038, 1040 (Fla. 2d DCA 2015) (explaining that "when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings" (quoting Diwakar v. Montecito Palm Beach Condo. Ass'n, 143 So. 3d 958, 961 (Fla. 4th DCA 2014))); cf. Wagner v. Bank of Am., N.A., 143 So. 3d 447, 448 (Fla. 2d DCA 2014) (remanding for an evidentiary hearing on attorney's fees when

---

[2]We reject the bank's argument that the interest award should be affirmed because the award is close to the amount of interest calculated with the minimum rate. We agree with the bank's alternative argument that an award of interest calculated at the minimum rate, consistent with Salauddin, is supported by the evidence.

the bank had filed an affidavit of attorney's fees and the parties had agreed at trial that live testimony to prove fees was required).

In summary, the trial court erred in awarding interest in an amount that was unsupported by the evidence and in awarding attorney's fees when there was no competent substantial evidence to support the fee award. We reverse the award of interest and remand for the trial court to determine the amount of interest from the date of default using the minimum interest rate of 3.525%. We reverse the award of attorney's fees. We affirm the final judgment in all other respects.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and SALARIO, JJ., Concur.