Lazaro GONZALEZ and Arais Alonso,
Husband and Wife, Appellants,

v.

ONEWEST BANK, FSB, Successor in
interest to IndyMac Bank, FSB;
Mortgage Electronic Registration
Systems, Inc., acting solely as Nomi-
nee for IndyMac Bank, F.S.B., a
federally chartered Savings Bank;
Unknown Tenant(s) if the above De-
fendants are alive and if one or
more of said Defendants are dead,
their Unknown Spouses, Heirs, Devi-
sees, Grantees, Personal Representa-
tives, Creditors and all other Parties
claiming by, through or against
them; and all Parties having or
claiming to have any right, title or
interest in the Property described in
the Complaint, Appellees.

No. 4D15–2271.

District Court of Appeal of Florida,
Fourth District.

Nov. 23, 2016.

Lazaro Gonzalez and Arais Alonso, West Palm Beach, pro se.

Kimberly S. Mello and Laura J. Bassini of Greenberg Traurig, P.A., Tampa; and Michele L. Stocker of Greenberg Traurig, P.A., Fort Lauderdale, for appellee OneWest Bank, FSB, Successor in interest to IndyMac Bank, FSB.

PER CURIAM.

We affirm the final judgment in all respects except one. We remand to the circuit court for a new trial on the interest rate to which the appellee bank is entitled. *See Salauddin v. Bank of Am., N.A.,* 150 So.3d 1189 (Fla. 4th DCA 2014). Because the note required recalculation of interest on change dates, calculation of the interest amount was not a simple ministerial function. There was no testimony about the relevant LIBOR Index on any change date; the only competent evidence as to the interest charged after the first change date is that it was somewhere between 2.75% and 11.875%.

*Affirmed in part, reversed in part and remanded.*

CIKLIN, C.J., WARNER and GROSS, JJ., concur.