PER CURIAM.
We affirm the final judgment in all respects except for the attorney's fee award. Because Wells Fargo failed to present any competent, substantial evidence to support the number of hours spent on the case, the hourly rate, or the total fee, we reverse that portion of the final judgment awarding attorney's fees.[1] See Michel v. Bank of N.Y. Mellon, 191 So.3d 981, 984 (Fla. 2d DCA 2016) ; see also B & H Miracle, LLC v. Wells Fargo Bank, N.A., 227 So.3d 238, 239 (Fla. 1st DCA 2017) ; Freiman v. Nat'l City Mortg. Co., 183 So.3d 1111, 1112 (Fla. 4th DCA 2015) ; Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997).
AFFIRMED, in part; and REVERSED, in part.
BERGER, LAMBERT and EDWARDS, JJ., concur.

We decline Wells Fargo's invitation to remand for further proceedings. The cases cited by Wells Fargo in support of remand are distinguishable where, unlike here, the party seeking attorney's fees presented some evidence to support the fees awarded and had filed attorney's fees affidavits prior to trial that substantiated the fees. See Black Point Assets, Inc. v. Ventures Tr. 2013-I-H-R by MCM Capital Partners, LLC, 236 So.3d 1134, 1137 (Fla. 2d DCA 2018) ; Henderson v. OneWest Bank, FSB, 217 So.3d 209, 210 (Fla. 1st DCA 2017) ; Colson v. State Farm Bank, F.S.B., 183 So.3d 1038, 1040 (Fla. 2d DCA 2015) ; Diwakar v. Montecito Palm Beach Condo. Ass'n, 143 So.3d 958, 961 (Fla. 4th DCA 2014) ; Morton v. Heathcock, 913 So.2d 662, 670 (Fla. 3d DCA 2005) ; Rodriguez v. Campbell, 720 So.2d 266, 267-68 (Fla. 4th DCA 1998).