# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2462
Lower Tribunal No. 2018-CA-001349

_____

MAURICE WARD and SYLVIA WARD,

Appellants/Cross-Appellees,

v.

CITIBANK, N.A. as Trustee for CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-QX1,

Appellee/Cross-Appellant.

_____

Appeal from the Circuit Court for Osceola County.
Robert J. Egan, Judge

August 2, 2024

NARDELLA, J.

The borrowers, Maurice and Sylvia Ward, and lender, Citibank, N.A., as Trustee for CWABS, Inc., Asset-Backed Certificates Series 2007-QX1 ("Citibank") appeal a final judgment of foreclosure entered in favor of Citibank. We write only to address the trial court's ruling on Citibank's request for legal expenses, a ruling both parties challenge on appeal.

Citibank requested approximately $50,000 in legal expenses, much of which was comprised of attorney's fees. In support, Citibank relied on the testimony of Dan Cummins, an employee of Citibank's mortgage servicer, who testified that he

spoke with Citibank's counsel to verify the legal expenses, but offered no invoices, no time entries, and no description of the work counsel performed to incur the requested expenses. The documentary evidence Citibank introduced at trial likewise lacked any detail about the work counsel performed to incur the requested expenses. Despite the clear deficiency of this evidence, the trial court awarded Citibank $25,000. The borrowers argue that this was error because Citibank's evidence lacked sufficient detail about the work performed to support any award of legal expenses. We agree.

A party seeking legal expenses must present evidence of the work its counsel performed so the trial court can determine the reasonableness of those expenses. *See Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) ("To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed."); *see CED Cap. Holdings 2000 EB, LLC v. CTCW-Berkshire Club, LLC*, 363 So. 3d 192, 197 (Fla. 6th DCA 2023) (identifying some types of evidence that can satisfy a party's burden to detail the work performed by its counsel in the case).[1] The evidence Citibank presented falls well short of explaining what its counsel did to incur more than $50,000 in legal expenses. Therefore, the trial court erred by awarding Citibank any legal expenses.

---

[1] The borrowers also mention that Mr. Cummins was not designated as an expert witness on legal expenses. While many of our sister courts require the testimony of an expert witness concerning a reasonable attorney's fee, the issue has not yet come before this Court and is not squarely presented in this case.

*See Black Point Assets, Inc. v. Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC*, 236 So. 3d 1134, 1136–37 (Fla. 2d DCA 2018) (reversing award of attorney fees where evidence presented by plaintiff provided no description of the legal services provided). Further, given the lack of supporting evidence, we decline to afford Citibank a second chance to present evidence in support of its request for legal expenses. *See, e.g.*, *Michel v. Bank of N.Y. Mellon*, 191 So. 3d 981, 984 (Fla. 2d DCA 2016) ("Because the bank did not present any evidence of attorney's fees at trial, we reverse the fee award without remand on that issue.") (citing *Colson v. State Farm Bank, F.S.B.*, 183 So. 3d 1038, 1040 (Fla. 2d DCA 2015)).

Accordingly, we reverse the trial court's award of legal expenses and remand this case for the entry of an amended judgment of foreclosure that omits the award of $25,000 in legal expenses. We affirm the judgment of foreclosure in all other respects without further discussion.

AFFIRMED in part; REVERSED in part.

STARGEL, J., and LAMBERT, B.D., Associate Judge, concur.

Andrew B. Greenlee, of Andrew B. Greenlee, P.A., Sanford, and Anthony N. Legendre, III, of Law Offices of Legendre & Legendre, PLLC, Maitland, for Appellants/Cross-Appellees.

Alec P. Hayes, of Troutman Pepper Hamilton Sanders LLP, Atlanta, Georgia, for Appellee/Cross-Appellant.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED