DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


DEUTSCHE BANK NATIONAL TRUST COMPANY,
as indenture trustee for New Century Home Equity Loan
Trust 2005-1,

Appellant,

v.

CARMEN FLORES DEL CALLEJO and
ALFREDO FLORES DEL CALLEJO,

Appellees.


No. 2D2024-1696

_____


October 24, 2025

Appeal from the Circuit Court for Pasco County; Susan G. Barthle,
Judge.

Eric M. Levine of Atlas Solomon, LLP, Stuart, for Appellant.

Matthew D. Wolf of Ivanov & Wolf, PLLC, Tampa, for Appellees.


ATKINSON, Judge.

Deutsche Bank National Trust Company appeals the trial court's
order that granted Carmen and Alfredo Del Callejo's motion for
involuntary dismissal at the close of Deutsche Bank's case at trial and
dismissed Deutsche Bank's claims for mortgage foreclosure and

reformation. Our review is de novo. *See Deutsche Bank Nat'l Tr. Co. ex rel. Harborview Mortg. Loan Tr. 2006-8 v. Kummer*, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016) (citing *Allard v. Al-Nayem Int'l, Inc.*, 59 So. 3d 198, 201 (Fla. 2d DCA 2011)). Because the trial court erred by granting the Del Callejos' motion for involuntary dismissal, we reverse and remand for further proceedings.

## I.

In its mortgage foreclosure count, Deutsche Bank alleged that the Del Callejos "defaulted under the note, mortgage, and any alleged modifications thereof, hereinafter referred to as the 'Loan Documents,' by failing to pay the payment due as of March 1, 2009, and all subsequent payments." At trial, Deutsche Bank introduced the loan transaction history into evidence, which showed that the last payment the Del Callejos ever made pursuant to the underlying adjustable-rate promissory note was on September 15, 2008, and that they owed a principal amount of $125,613.85 at that time. Jon Greenlee, a representative of the loan servicer, testified that many defaulted borrowers, including the Del Callejos, were provided an "offer" for a loan modification that would "bring the loans current" if they began paying under the new terms. He testified that "[a]ll that was required for borrowers to accept was to simply start making payments." The Del Callejos never made any payments under the modified terms. Nevertheless, an "Administrative Adjustment" was made to the loan transaction history, which reflected that as of January 1, 2009, the principal amount that the Del Callejos owed was $130,015.91. That increased principal balance was carried forward on the loan transaction history for years. Mr. Greenlee testified that the adjustment "reflect[s] the modified terms," in which the past due amounts were "capitalized"

2

and added to the principal. He testified that the numbers "in the system" were not adjusted "[b]ack to pre-mod figures" "as they probably should have been at that time." However, he confirmed that the loan servicer was not "pursuing a default of any loan modification agreement" and that the principal balance it was pursuing was $125,613.85.

The Del Callejos moved for involuntary dismissal of the mortgage foreclosure claim once Deutsche Bank rested its case. The parties framed the issue below and on appeal as whether Deutsche Bank presented any competent substantial evidence of its damages—that is, the amount the Del Callejos owed. *See U.S. Bank N.A. v. Engle*, 311 So. 3d 197, 201 (Fla. 2d DCA 2020) (providing that the party seeking foreclosure must "establish the amount due by competent and substantial evidence"). In granting the Del Callejos' motion for involuntary dismissal, the trial court observed that "[e]verything in the transaction history shows the 130- amount" and reasoned that it did not have "an evidentiary basis" for the $125,613.85 amount given the "discrepancy" between the amount Deutsche Bank sought and the amount shown in the loan transaction history. To be sure, there was a discrepancy in the evidence. The amount that Mr. Greenlee testified was owed was different than the adjusted principal amount shown in the loan transaction history. But as long as there is competent substantial evidence to support the nonmoving party's claim—even if that evidence conflicts with other evidence—involuntary dismissal must be denied. *See George Anderson Training & Consulting, Inc. v. Miller Bey Paralegal & Fin., LLC*, 313 So. 3d 214, 220 (Fla. 2d DCA 2021) ("An involuntary dismissal should be entered *only* when the evidence, considered in the light most favorable to the non-moving party, fails to establish a prima facie case on the non-moving party's claim. As long as competent, substantial

evidence has been adduced, even if it conflicts with other evidence, the motion [for involuntary dismissal] should not be granted." (citation omitted) (citing *Curls v. Tew,* 346 So. 2d 1242, 1243 (Fla. 1st DCA 1977))); *Kummer,* 195 So. 3d at 1175 (explaining that a "reliability determination concerning the weight, believability, and merit of conflicting evidence . . . had no place in the context of a motion for involuntary dismissal").  Deutsche Bank presented competent substantial evidence of the principal amount owed through the loan transaction history and Mr. Greenlee's accompanying testimony. Collectively, that evidence explained how much the Del Callejos owed in principal ($125,613.85) and why the "Administrative Adjustment" made in the loan transaction history (increasing the principal to $130,015.91) did not reflect the actual amount of principal they owed.  That evidence was sufficient to survive a motion for involuntary dismissal.

In other words, the payment records did indeed reflect the amount due.  The loan transaction history reflected that the Del Callejos never made another payment after September 15, 2008, when they owed $125,613.85 in principal.  The fact that the payment records showed an administrative adjustment increasing the principal from $125,613.85 to $130,015.91 does not prove the Del Callejos' contrary argument that evidence of the amount they owed was lacking.  The trial court was required to consider *all* the evidence.  That is, Mr. Greenlee's testimony explaining that the increased amount was based on the modified terms offered to the Del Callejos that "should have been" fixed in the loan servicer's records and disclaiming that Deutsche Bank was attempting to foreclose a mortgage based upon a loan modification that the Del Callejos never accepted—facts in evidence that the borrowers admitted as true for purposes of their motion for involuntary dismissal.  *See Kummer*, 195 So.

4

3d at 1175 ("When a party raises a motion for involuntary dismissal in a nonjury trial 'the movant admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the non-moving party.' " (quoting *Day v. Amini*, 550 So. 2d 169, 171 (Fla. 2d DCA 1989))).  His testimony was competent substantial evidence to explain why $125,613.85 was the current amount due and why $130,015.91 was not.  *Cf. Colson v. State Farm Bank, F.S.B.*, 183 So. 3d 1038, 1040 (Fla. 2d DCA 2015) (criticizing the lender's evidence of the amount of indebtedness where there was "no testimony explaining these [payment history] documents or the figures in them").  And once that testimony is taken as true for purposes of the Del Callejos' motion for involuntary dismissal, as it must be, the payment records reflected the current debt owed on the mortgage because they showed that the Del Callejos owed $125,613.85 when they stopped making payments under the original loan terms to which they agreed and that they never made another payment.

The Del Callejos and the trial court misplace their reliance on *Green Emerald Homes, LLC v. 21st Mortgage Corp.*, 300 So. 3d 698 (Fla. 2d DCA 2019).  In that case, the lender predicated its calculation of the amount due on "a document, most likely a loan modification agreement, . . . that changed the terms of the original note." *Id.* at 709–10.  But the lender failed to provide the loan modification document or other admissible evidence of its contents, so it was "not possible to determine the basis for [the lender]'s computation of the principal, interest, or other charges folded into the total amount due in the final judgment because the record [wa]s simply silent on what (after modification) the borrower's obligations in this regard were." *Id.* at 710.  And the lender did not otherwise argue that it had proven other components of the amount due

notwithstanding the absence of evidence regarding the loan modification. *Id.* at 710 n.6.

In this case, by contrast, Deutsche Bank did not predicate the computation of the amount of its claim on a loan modification that was not introduced into evidence. It did the opposite, *disclaiming* a loan modification and relying on the original loan terms to compute the amount owed. And Deutsche Bank otherwise argued below and on appeal that it sufficiently proved the amount owed under the original loan terms consistent with its acknowledgment that there was no valid loan modification.

Though the Del Callejos characterize Deutsche Bank as having "unilaterally modified" their loan, the evidence when viewed in the light most favorable to Deutsche Bank does not support that characterization. Mr. Greenlee testified that the loan modification was an "offer" and that to "accept" the offer the borrowers only had "to simply start making payments." Given that the Del Callejos never made any payments under the modified terms or otherwise manifested their acceptance of the offer, the only reasonable conclusion that can be drawn from the evidence is that the Del Callejos' loan was never modified. The Del Callejos argued in the trial court and on appeal that they "never accepted" the modification. And Deutsche Bank's complaint, which alternatively alleged a default under the original documents memorializing the agreement and "any alleged modifications," indicated that no payments were made after the modification had been offered. The fact that the loan servicer made an "[a]dministrative [a]djustment" to the principal balance "in their system" cannot change the legal effect of an offer that the Del Callejos never accepted. In other words, internal payment records, without more, cannot unilaterally modify a contract between two parties.

6

And Mr. Greenlee's testimony supports that the Del Callejos never made another payment after they stopped paying in September 2008 when their principal balance was $125,613.85 and that Deutsche Bank was not seeking an amount consistent with any unconsummated modification offer.

## II.

Deutsche Bank also attempted to present competent substantial evidence of the amount that the Del Callejos owed, including amounts for interest, taxes, insurance, and other advances and expenses, through a "judgment figures" document. That document listed all the amounts the Del Callejos allegedly owed on a category-by-category basis, including a principal amount of $125,613.85, and showed interest calculations. Deutsche Bank attempted to introduce the document into evidence under the business records exception to the rule against hearsay. *See* § 90.803(6)(a), Fla. Stat. (2024) (providing for the admissibility of a "record . . . of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such . . . record . . ., all as shown by the testimony of the custodian or other qualified witness, . . . unless the sources of information or other circumstances show lack of trustworthiness").

The Del Callejos objected, arguing that the document was untrustworthy because "there are two different judgment figures that [Deutsche Bank] produced during the course of this case that show completely different numbers." The Del Callejos confronted Mr. Greenlee with those prior versions of the document, which showed a principal amount of $130,015.91 was owed and different interest rates and

7

calculations. Mr. Greenlee testified that the version being offered into evidence was prepared "a week or so ago" before trial so that the numbers could be "returned to the pre-mod amount." The trial court excluded the judgment figures document from evidence, reasoning that for business records "to be reliable and trustworthy, they have to be consistent."

The trial court's rationale imposed a requirement in derogation of the statutory text. The trustworthiness requirement in section 90.803(6)(a) does not rise or fall on whether the document offered into evidence as a business record is "consistent" or not with other records. Rather, the text requires an evaluation of "the sources of information or other circumstances." § 90.803(6)(a). It is true that the judgment figures document was not "consistent" with the prior versions the Del Callejos identified. Even so, the Del Callejos asserted nothing to cast a suspicion of unreliability on the document that Deutsche Bank offered into evidence. The testimony established that the reason why the judgment figures document was not "consistent" with the prior versions was because the loan servicer adjusted the numbers from the modified terms that the Del Callejos never accepted to the original loan terms to which the Del Callejos agreed—as one example, reducing the principal amount from $130,015.91 to $125,613.85. The Del Callejos never disputed that they owed $125,613.85 under the original loan terms, as they instead focused their argument on the payment history reflecting a higher amount that they contended was not owed. So, if anything, the evidence established that the judgment figures document *was more* trustworthy than the prior versions of the document. To exclude the judgment figures document from evidence on the basis that it is untrustworthy simply because it was inconsistent with prior versions that reflected

8

numbers based on an agreement that was never consummated is illogical. And to ignore the evidence in an admissible document that supports the correct amount of principal owed because another conflicting amount is reflected elsewhere in the record would be to throw the baby out with the bathwater. The loan transaction history—the admissibility of which was never in dispute—reflects both the $125,613.85 figure and the adjusted $130,015.91 amount, and testimony from Deutsche Bank's witness supported the conclusion that the former was accurate and explained the discrepancy with the latter. The admissibility or inadmissibility of the judgment figures document has no bearing on whether the loan transaction history includes competent substantial evidence of the amount of indebtedness.

The trial court was correct, however, to exclude the judgment figures document from evidence because Mr. Greenlee's testimony on cross-examination established that the document was not a business record at all. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record."). The document listed total amounts that the Del Callejos owed over a several-year period, but Mr. Greenlee testified that the document was prepared shortly before trial. As such, the document was more in the nature of a summary prepared for use at trial and logically could not have been a record of transactions that was made "at or near the time" of those transactions for purposes of the business records exception to hearsay. *See* § 90.803(6)(a).

Because the trial court correctly excluded the judgment figures document from evidence, the portion of Mr. Greenlee's testimony in which he read numbers from the document was not competent

9

substantial evidence of the amounts that the Del Callejos owed. *Cf. E & Y Assets, LLC v. Sahadeo*, 180 So. 3d 1162, 1163 (Fla. 4th DCA 2015) (affirming grant of involuntary dismissal where the witness "based his testimony on records that were not in evidence"). Consequently, Deutsche Bank failed to present any competent substantial evidence for many of the categories of expenses that the Del Callejos allegedly owed.

Nevertheless, the absence of competent substantial evidence as to those categories did not preclude Deutsche Bank from surviving a motion for involuntary dismissal based on the categories for which it did present competent substantial evidence. *Cf. Boyette v. BAC Home Loans Servicing, LP*, 164 So. 3d 9, 10–11 (Fla. 2d DCA 2015) (affirming in part because "[d]efault [wa]s established . . . , and the amount of principal, hazard insurance premiums, late charges, and taxes [we]re supported by competent, substantial evidence" but reversing portions of the foreclosure judgment regarding "other costs" for which there were "no records or testimony reflecting" the amounts awarded or for which the documentary evidence did "not provide enough information to establish" the amount awarded). As explained in part I of this opinion, Deutsche Bank presented competent substantial evidence of the principal amount owed. Additionally, Deutsche Bank presented competent substantial evidence of an interest rate from which interest could be calculated because the addendum to the adjustable-rate rider, which was admitted into evidence, provided that the Del Callejos' "interest rate will never be . . . less than 5.750%." *See Engle*, 311 So. 3d at 202 ("[W]here an interest rate is adjustable, the interest rate may be calculated using the lowest rate if that was the only proof adduced at trial."); *Salauddin v. Bank of Am., N.A.*, 150 So. 3d 1189, 1190–91 (Fla. 4th DCA 2014) ("[S]ince the note stated that the interest rate would not drop below five

percent, this percentage was the only proof the bank supplied at trial, and the trial court should have used this interest rate to calculate the amount of interest after May 1, 2012.").  Accordingly, the trial court erred by involuntarily dismissing Deutsche Bank's mortgage foreclosure claim.

## III.

Finally, Deutsche Bank correctly argues that the trial court erred by involuntarily dismissing its reformation claims because the Del Callejos never requested such relief.  *See Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC*, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) ("[I]t is error to award relief that is neither requested in the motion at issue nor argued at the hearing on that motion.").  The Del Callejos have not defended the trial court's dismissal of the reformation claims on appeal.

Because the trial court erred by involuntarily dismissing Deutsche Bank's claims at trial, we reverse the order on appeal and remand this case for further proceedings.

Reversed and remanded for further proceedings.


SILBERMAN and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

11